**STATE, ex rel. WYNNE et, Relators-Appellants, v. URBAN et, Respondents-Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 7564. Decided March 3, 1952.

C. R. Beirne, Cincinnati, for relators-appellants.
Henry M. Bruestle, James W. Farrell, Jr., Cincinnati, for respondents-appellees.

## OPINION

By ROSS, J.:

The Court of Common Pleas refused a writ of mandamus. This is an appeal upon questions of law from the judgment entered to such effect.

The purpose of the action was to compel the Civil Service Commission of the City of Cincinnati to permit certain Lieutenants in the Fire Department of such City, having less than two years service as such Lieutenants, to take an examination for the position of Captain in such Fire Department.

The respondent members of such Commission defend their position upon the ground that the Commission announced a rule applying to such special examination, requiring such prior service, and that it had authority in law to take such action.

This position is vigorously assailed by the relator, who asserts that although the Commission may have power to establish measures applicable to procedure in the taking of such examinations, it has no right to usurp the function of the General Assembly and enact legislation appropriate only to the power of that body, and in conflict with rules adopted by the legislature applicable to promotion of lieutenants in the fire departments of municipalities. The provision of §486-15a GC, upon which appellant relies, is:—

"No position above the grade or rank of patrolman or regular fireman in the police or fire department shall be filled by original appointment. Vacancies in positions above the rank or grade of patrolman or regular fireman in a police or fire department shall be filled by promotion from among persons holding positions in a grade or rank lower than the position to be filled. Appointments to such vacancies shall be limited to members of the respective departments. No position above the grade or rank of patrolman or regular fireman in a police or fire department shall be filled by any person unless he shall have first passed a competitive promotional examination. Promotion shall be by successive grades or ranks so far as practicable and no person in a police or fire department shall be promoted to a position in a higher grade or rank who has not

served at least twelve months in the next lower grade or rank."

The law governing the operation of both State and Municipal Civil Service Commissions is found in §486-1 et seq GC. An examination of these sections develops special legislation applicable to the promotion of persons employed in municipal police and fire departments. In §486-15 GC, it is provided:

"Vacancies in positions in the classified service shall be filled in so far as practicable by promotions. The commission shall provide in its rules for keeping a record of efficiency for each employe in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service; and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the commission, it shall be for the best interest of the service so to fill such vacancies. All examinations for promotions shall be competitive. In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. In all cases where vacancies are to be filled by promotion, the commission shall certify to the appointing authority only the name of the person having the highest rating. The method of examination for promotions, the manner of giving notice thereof, and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided herein."

In §486-10 GC, it is provided:

"All applicants for positions and places in the classified service shall be subject to examination which shall be public, and open to all, within certain limitations to be determined by the commission, as to citizenship, residence, age, sex, experience, health, habit and moral character; * * *"

It is apparent that the legislature considered some service in the lower grade necessary as a precedent requirement to **promotion**. It is to be noted, however, that such requirement is applicable to **promotions** and not permission to take an examination. Has the legislature preempted the legislative area applicable to the matter here involved? No lieutenant could be promoted under the State law until one year service as such elapsed before promotion, but there is nothing in the state law forbidding an examination of such lieutenant at **any** time. On the other hand, it is obvious that under the municipal rule if a lieutenant can not take an **examination** until two years service has elapsed, he certainly cannot be promoted until after such two years service. The Municipal

rule goes much further than the state law, although it is stated that its application has been waived where the two years prior service lacks only a short time of completion. Still it is obvious that some injustice and even discrimination could occur in view of the fact that the lists of successful applicants having been made up some considerable periods elapse before other examinations may be held.

In §486-19 GC, it is provided:—

"* * * Said municipal commission shall have and exercise all other powers and perform all other duties with respect to the civil service of such city, city school district and city health district, as herein prescribed and conferred upon the state civil service commission with respect to the civil service of the state; and all authority granted to the state commission with respect to the service under its jurisdiction shall, except as otherwise provided in this act, be held to grant the same authority to the municipal commission with respect to the service under its jurisdiction. * * *"

It seems obvious then that unless the provisions of §486-15a GC, are in conflict with the local rule of the Civil Service Commission of the City of Cincinnati, that such Commission had full power to establish the rule in question.

Great reliance is placed upon the case of **Neil House Hotel Co. v. City of Columbus, 144 Oh St, 248.** The effect of the rule laid down in that case is found in the statement of Zimmerman, Judge, at page 252 of the opinion: "From a perusal of the pertinent statutes and regulation No. 30, it is difficult to escape the conclusion that plaintiff, under state authorization, may lawfully sell beer and intoxicants to its customers after the hour of midnight and that a municipal ordinance fixing midnight as the time when the sale of such beverages must cease, is invalid. See **Village of Struthers v. Sokol, 108 Oh St, 263, 140 N. E., 519.** See, also, Noey v. City of Saginaw, 271 Mich., 595, 261 N. W., 88.

"When the statutes and a valid regulation of the Board of Liquor Control say that the sale of intoxicants may not be made after a designated hour, it is equivalent to saying that sales up to that time are lawful, and an ordinance which attempts to restrict sales beyond an earlier hour is in conflict therewith and must yield. **Schneiderman, an Infant, v. Sesanstein, 121 Oh St, 80, 86,** 167 N. E., 158, 160, 64 A. L. R., 981.

"In principle at least this case is controlled by the decision in **City of Akron v. Scalera, 135 Oh St, 65,** 19 N. E. (2d), 279, the implications of which are that if a municipal ordinance of the type here involved is in collision with a general law upon the same subject, the ordinance is ineffective."

It must be admitted that upon a casual reading of this case and the provisions of §486-15a GC, that a seeming analogy exists, but upon close scrutiny a vital difference appears between the situation presented in the Neil House Hotel Co. v. Columbus case and that now considered by this Court. If nothing else were present the use of the words used in §486-15a GC, "at least" would, in the opinion of the court, be sufficient to distinguish the two situations. In the rule considered in the Hotel case a specific time was fixed by which sales of beer and intoxicating liquors could not be sold, that is, after 2:30 A. M., and before 5:30 A. M. The Columbus ordinance sought to cut down the implied privilege of sale up to 2:30 A. M., and thus increase the period of non-sale.

In the situation here presented, the state merely requires at least one year (twelve months) service—and impliedly leaves open to either State or Municipal Commission to provide by rule for a longer period. Had the state regulation provided that "at least" a period of non-sale should exist between 2:30 and 5:30 A. M., it may be seriously doubted whether the pronouncement in the Hotel case would have been the same as under the facts therein stated.

Courts are always reluctant to pronounce a conflict in legislative action and will not do so unless clear evidence of conflict exists. **28 O. Jur., p. 442, Section 277, "Municipal Corporations."**

It must be concluded that the Civil Service Commission of the City of Cincinnati was completely within its jurisdiction in establishing the rule here in question, there being no conflict clearly apparent in its rule with State authority. Although it might be better to have a permanent rule applicable to examinations, the fact that the rule here considered is promulgated at the time of each examination does not seem of sufficient importance to warrant this Court in holding such rule invalid, especially as the record shows that in all respects the Commission has complied with the provisions of §486-9 GC, in which it is provided in part:

"* * * Due notice of the contents of such rules and of all changes therein shall be given to appointing officers affected thereby, and such rules shall also be printed for public distribution: provided, however, that until such rules are adopted and in force, the rules existing when this law takes effect shall continue in force."

The judgment of the Court of Common Pleas of Hamilton County, Ohio, is affirmed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.