**HAUSCHILD, Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24374. Decided January 17, 1958.

Charles R. Laurie, for plaintiff-appellee.

Ralph S. Locher, Director of Law, William T. McKnight, Asst. Director of Law, for defendants-appellants.

## OPINION

Per CURIAM:

This cause is here appealed on questions of law from a judgment of the Court of Common Pleas enjoining the members of the Civil Service Commission of Cleveland and the Director of Public Safety, his agents and employees, from grading the promotional examination papers of Captain George Smith and Captain Steve Szereto for the office of Deputy Inspector of Police or placing said officers' names on any eligibility list resulting from said examination. (For purposes of clarity and brevity, the parties will be referred to as they appeared in the trial court.)

A bill of exceptions which had been filed with and signed by the trial judge was not filed within rule and on motion was stricken from the records by this court. Therefore, on this appeal, we are of necessity limited to a consideration of errors, if any, appearing on the face of the record.

It is the claim of the defendants, as appears by their assignment of error, that prejudicial error is demonstrable on the face of the record and that the judgment of the Court of Common Pleas is contrary to law. The issue thus raised requires an examination of the petition of the plaintiff. The petition states that the plaintiff and Captains Smith and Szereto were permitted by the Civil Service Commission to take the examination for the office of Deputy Inspector of Police.

We note, among others, the following allegations:

". . . that on or about the 26th day of September, 1956, the Civil Service Commission of the City of Cleveland, announced through the City Record the requirements and qualifications for entrance to the examination for the position of Deputy Inspector of Police, which was to be given by the Civil Service Commission on December 5th, 1956.

"Plaintiff further says that under the paragraph heading of 'Mini-

mum Qualifications for Entrance to the Examination,' as reported in the City Record, reads as follows:

" 'Applicants shall have held regular appointments as captain of police in the classified service of the city of Cleveland for one year on December 5, 1946.'

"Therefore, promotional examination for the position of Deputy Inspector of Police was opened only to persons then (December 5, 1956) holding a regular appointment as captain of police."

These allegations of plaintiff are admitted by the amended answer of defendants. Thus, by the pleaded and admitted facts at the time Smith and Szereto were certified by the commission for promotional examination, they had served as captains of the Cleveland Police Department from August 1, 1954, to December 5, 1956, a total time of two years, four and one-half months, less the interim period of six days from December 15, 1955, to December 21, 1955, when they served as lieutenants.

The conclusion is inescapable that the said applicants served as captains in the Police of the Classified Service of the City of Cleveland for a period considerably exceeding one year and therefore complied with the minimum qualifications for entrance to the examination unless the previous appointment from August 1, 1954, to December 15, 1955, and the interim of six days should be construed as a disqualification under the rules of the Civil Service Commission.

Plaintiff's attack upon the regularity of the service of Smith and Szereto as captains of the police from August 1, 1954, to December 15, 1955, is based upon the decision of this court in the case of **William F. Zimmerman, et al v. City of Cleveland, 101 Oh Ap 177, 130 N. E. (2d) 401.** That proceeding was an appeal on questions of law from the Common Pleas Court wherein this court affirmed the judgment of the Court of Common Pleas which had reversed the findings and judgment of the Civil Service Commission in removing or suspending seventeen officers in the Classified Service of the Police Department. In affirming the decision of the Common Pleas Court, we held that the trial court did not abuse its discretion, that the judgment was not contrary to the manifest weight of the evidence and was not contrary to law.

In this connection, we call attention to the fact that the plaintiff in his petition further alleged that this court in the Zimmerman case, supra, "rendered a decision in said case stating that the removal of the officers involved therein was not proper and **declared that the vacancies were null and void and of no effect** and ordered that each officer therein be returned to his respective status as of February 11, 1954." (Emphasis supplied.) In order to set the record straight, we quote from our journal. Volume 20, page 279, of which we must take judicial notice. The pertinent part reads:

"The parties hereto appeared by their attorneys and this cause came on to be heard upon the original record and the assignments of error of the said appellants herein, together with the original papers and a duly certified transcript of the docket and journal entries of the Court of Common Pleas of Cuyahoga County, Ohio, and was argued by

counsel; upon consideration whereof the Court finds that there is no prejudicial error manifest upon the face of the record in the orders and judgment of said Court of Common Pleas.

"It is thereupon considered, ordered and adjudged by this Court that the judgment and proceedings of the said Court of Common Pleas in said cause in favor of the said appellees and against the said appellants be, and the same are hereby in all things affirmed, there being, however, in the opinion of the Court, reasonable ground for this appeal.

"It is further considered and ordered that the appellants pay the costs of this appeal."

It will be observed that this court did not in the journal entry make any reference to alleged vacancies and made no finding that the "vacancies were null and void," as is erroneously claimed by plaintiff. Consequently, the allegation set forth by the plaintiff in his petition and urged in his brief that this court declared certain vacancies null and void and of no effect is not a correct statement and cannot be considered by this court on this appeal.

The facts as set forth in our opinion in the Zimmerman case show that the seventeen officers were suspended February 11, 1954. The opinion and judgment of this court affirming the judgment of the Court of Common Pleas, which had reversed the findings and judgment of the Civil Service Commission and the Director of Safety, was not rendered until November 23, 1955. The journal entry of this court and the mandate to the Common Pleas Court both were under date of November 29, 1955. There would have been vacancies during the long period of time which elapsed from February 11, 1954, due to the proceedings in the Zimmerman case through the administrative agencies and through the courts until the final decision of this court, which, incidentally, was not appealed, had these vacancies not been filled. Under such circumstances, the Director of Public Safety and the Civil Service Commission were not obliged to await the outcome of the proceedings through the courts before making appointments to bring the Police Department up to strength. These appointments were necessary in order to maintain discipline and to protect the City of Cleveland and its inhabitants in the ever-continuing war against crime. In fact it was the duty of the Director of Public Safety to fill such vacancies under the provisions of §143.34 R. C., which provides in part as follows:

". . . Whenever a vacancy occurs in a position above the rank of patrolman in a police department, and there is no eligible list for such rank, the municipal civil service commission shall, within sixty days of such vacancy, hold a competitive promotional examination. After such examination has been held and an eligible list established, the commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification, the appointing officer shall appoint the person so certified within thirty days from the date of such certification. **If there is a list, the commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating, and the appointing authority shall appoint such person within thirty days from the date of such certification.**" (Emphasis ours.)

While the effect of the order of the Common Pleas Court, which was affirmed by this court, reinstated the seventeen officers to their rank, including the restoration of their salaries, for the period of their removal and suspension, it could not restore the services which these officers would have performed had they remained on duty. This court could not by an ex post facto judgment restore services which these officers did not perform. When Smith and Szereto were promoted from the rank of lieutenants to the rank of captains on August 1, 1954, they actually performed services as captains from that time to December 15, 1955, and again from December 22, 1955, to December 5, 1956, the date fixed for the promotional examination, and to the extent they performed such services, they were entitled to credit therefor.

Neither Captain Smith nor Captain Szereto were parties to the Zimmerman case. Consequently, we do not consider the Zimmerman case as a predicate for denying the right or authority of the Director of Public Safety or the Civil Service Commission to promote and appoint Smith and Szereto as captains during the extended period of time that the litigation in the Zimmerman case was pending in the courts.

An examination of the Civil Service laws and the Charter of the City of Cleveland does not disclose any provisions for "acting captains" in the Classified Service of the Police Department. But in any event Smith and Szereto were actually appointed and actually served as captains during the periods named.

9 O. Jur. (2d), Chapter on Civil Service, Section 6, page 321, states:

"The Civil Service law of Ohio is one entire legislative scheme with a definite and declared object. Its provisions were all enacted at once and all intended to be operative in the sense that the whole law should have a harmonious operation conducive to said object. Like all other laws it was drawn to have a practical application and was intended to be applied to people and affairs in a practical manner . . . ."

Therefore, the technical contention that the appointment of Smith and Szereto was not regular in all respects cannot be successfully maintained. Whether their appointments are denominated as de jure or de facto makes little difference in view of the practical aspects of the instant case. Certainly it cannot be successfully maintained that they were not de facto officers during the period from August 1, 1954, to December 15, 1956, and certainly they were de jure officers (captains) from December 22, 1955, to December 5, 1956, a total time of two years, four and one-half months, less six days. In this respect it is significant that the rules of the Civil Service Commission quoted in the petition and briefs do not provide that applicants shall have held regular appointments as captains for one year immediately preceding December 5, 1956, or that their service as such shall have been continuous.

Under the provisions of §143.30 R. C., the Civil Service Commission of Cleveland is authorized to prescribe, amend, and enforce rules not inconsistent with §§143.01 to 143.48, inclusive, R. C., for the classification of positions in the Civil Service of the City of Cleveland, for examinations, resignations, for appointments, promotions, removals, etc., and for "maintaining efficiency therein."

The Charter of the City of Cleveland under paragraph 122, entitled "Classification of Police and Fire Service" provides as follows:

"The director of the department immediately in charge thereof, or the mayor, shall classify the police and fire service of the city, in conformity with the ordinance of the council concerning the number of persons to be employed therein, and shall make rules for the regulation and discipline of such service except as hereinbefore provided."

It cannot be disputed that Smith and Szereto had conferred upon them the color of the office of captain and served in such capacity for a period of sixteen months continuously prior to the interim of six or seven days during which they were removed but then reappointed. During all of that period of time they were acquiring the experience necessary to qualify them under the rules prescribed by the Civil Service Commission in its bulletin setting forth minimum qualifications for entrance to the examination for Deputy Inspector of Police. Undoubtedly the purpose and intent of the statutes and the rules promulgated thereunder by the Civil Service Commission, setting forth the minimum service necessary in the next lower rank, is to have applicants acquire experience to fit them for examination and appointment to the next higher rank.

In this connection the courts have generally taken a practical view with respect to the declarations of eligibility by Civil Service Commissions for promotional examinations where rules have been adopted so long as the rules are in conformity with statute. For instance, in the case of **State, ex rel. Weiss v. Keefer, 3 Oh Ap 426, 20 O. C. C. N. S. 366,** it was held that a restriction as to persons eligible for promotion adopted by the commission but not required by statute may be waived or suspended in a particular case where convenience demands it without formally revoking or amending the rule imposing such restriction.

In another case, the Supreme Court held in **State, ex rel. Ritter v. Urban, 159 Oh St 46, 110 N. E. (2d) 708,** that where the rule of a commission requires two years of prior service in a particular position in order to qualify an applicant for a promotional examination for a higher position, the time consumed in litigation to test the validity of such rule must be counted as part of such period. While that case does not have a direct bearing upon the instant case, it is cited only to show that the courts are not inclined to be technically restrictive in the matter of the eligibility to take examinations where the parties have acquired experience in a position of the next lower rank for a period of time sufficient to qualify them to take the examination for the next higher rank.

Generally speaking, the Civil Service Commission is the judge of the facts necessary to establish eligibility to take examinations in accordance with its rules, being subject to court review only where its jurisdiction is exceeded or its powers are abused. It is a fundamental proposition of law that a court will not substitute its own judgment for that of an administrative agency or board unless it is clearly shown that the board was guilty of an abuse of discretion.

In conclusion, it is our view that the pleaded and admitted facts show that Smith and Szereto had actually served as captains of police in the Classified Service of the City of Cleveland for a period in excess

of one year on December 5, 1956, and that the Civil Service Commission properly certified these officers as eligible to take the promotional examination. Therefore, in our opinion, the trial court committed error prejudicial to the rights of the defendants when it granted an injunction in favor of the plaintiff, a fellow officer who was eligible to take the same examination, and the trial court by its order deprived other officers who were equally qualified of the right to take the promotional examination when it issued an order restraining the Civil Service Commission and the Director of Public Safety from grading their papers.

The judgment of the Court of Common Pleas is therefore reversed, and proceeding to do what the trial court should have done, final judgment is rendered for the defendants. Exceptions. Order see journal.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.