STRASSHOFER, Appellant,

v.

CITY OF LYNDHURST et al., Appellees.

[Cite as *Strasshofer v. Lyndhurst* (1991), 76 Ohio App.3d 472.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61812.

Decided Dec. 2, 1991.

Frank A. Chenette, for appellant.

*Thomas M. Hanculak, Rich J. Carbone* and *S. Randall Weltman,* for appellees.

---

PATTON, Judge.

This case involves an appeal of the decision of the Cuyahoga County Common Pleas Court finding that the city of Lyndhurst acted properly and lawfully in conducting a lieutenant's promotional examination.

Plaintiff-appellant, David M. Strasshofer ("appellant"), filed a declaratory judgment action with requests for a temporary restraining order and preliminary and permanent injunctions, including an affirmative action injunction, on December 28, 1990. The trial court first issued the temporary restraining order and then the preliminary injunction pending the outcome of the dispute. All parties named in the complaint filed answers and, on January 18, 1991, defendant-appellee Jeffrey Porter filed his answer and a counterclaim against the appellant.

The parties agreed that the merits of the case would be decided on stipulations and exhibits to be submitted by the parties, together with briefs and oral arguments of counsel. The parties ultimately submitted fifty-five stipulations, together with numerous exhibits.

The parties submitted their respective briefs and, on March 22, 1991, the trial court heard final arguments on the merits of the case. On March 27, 1991, the trial court issued a "Memorandum to Counsel" setting forth the trial court's decision. The court found that the actions and orders of the municipal defendants, including the municipal civil service commission, were valid and in accordance with the law. Judgment of the court was in favor of the defendants-appellees and against the plaintiff-appellant. The trial court instructed counsel for Lyndhurst to prepare a final judgment entry. Counsel for appellant opposed the judgment entry; however, on April 25, 1991, the trial court adopted the judgment entry submitted by Lyndhurst.

On August 24, 1989, the Lyndhurst Civil Service Commission conducted an examination to determine a list of persons eligible for promotion to the position of police lieutenant. During its meeting of June 19, 1989, the civil service commission announced it would conduct a promotional examination. At that time, the commission determined there were not at least two persons who had served for at least one year in the position of sergeant. Accordingly, pursuant to the Civil Service Commission Rule VIII, Section 3, the examination was opened to all individuals in the rank of patrol officer who had served at least three years with the police department. Also during the June 19, 1989 meeting, the commission approved the official announcement for the

examination and declared that June 30, 1989 was the deadline for the filing of applications for the promotional examination.

The examination was conducted on the scheduled date and, thereafter, the testing administrator graded the examinations. On September 21, 1989, the commission notified each candidate of his or her respective grades on the written portion of the examination.

On November 22, 1989, the commission certified the eligibility list for the promotion to the position of police lieutenant. Appellant ranked fourth on the eligibility list behind Frank Calavitta, defendant-appellee Porter, and defendant-appellee Cappotto.

Following the certification of the eligibility list, the appointing authority, Mayor Creary, promoted Frank Calavitta to the position of police lieutenant, effective December 3, 1989. On November 8, 1990, the civil service commission extended the November 22, 1989 eligibility list to November 22, 1991 pursuant to Civil Service Commission Rule V, Section 5.

On December 12, 1990, counsel for appellant sent a correspondence to the Lyndhurst Civil Service Commission, the mayor, and the law director. The correspondence requested that Porter and Cappotto be declared to have been ineligible to participate in the August 24, 1989 promotional examination.

Despite the request, on December 21, 1990, the civil service commission certified Jeffrey Porter to the mayor for promotion to the position of police lieutenant. Thereafter, on December 28, 1990, appellant filed his complaint in the court of common pleas. The cause is now before this court upon appeal.

Appellant's first three assignments of error are interrelated and will be discussed together. They provide:

"I. Where there were two, and only two, police sergeants who had served the necessary twelve months in sergeant's rank within the meaning of Ohio Revised Code Section 124.44, and who were otherwise eligible and willing to take, and did take, a municipal civil service examination to determine an eligibility list for promotion to police lieutenant's rank the trial court erred in holding that the civil service commission could open the examination to essentially all patrolmen and sergeants.

"II. The trial court erred in holding that no police sergeant had served at least twelve months in sergeant's rank, especially in view of the civil service commission's own determination that at least one sergeant had served at least twelve months in sergeant's rank.

"III. The trial court erred in denying plaintiff-appellant Strasshofer's request for declaratory judgment in Strasshofer's favor; in denying Strasshofer's request for a permanent injunction prohibiting anyone other than

Strasshofer from receiving appointment to the vacant lieutenant's position; and, in denying Strasshofer's request for an affirmative action injunction requiring that Strasshofer be appointed to the vacant lieutenant's position."

In essence, the appellant contends the Lyndhurst Civil Service Commission unlawfully declared that all patrolmen with at least three years' service in the police department were eligible to take the lieutenant's promotional examination since there were not at least two persons in the position of sergeant who had served at least one year in that rank. For the following reasons, appellant's contentions lack merit.

Lyndhurst Civil Service Commission Rule VIII, Section 2 provides:

"Whenever there is a vacancy in a position in any department above the lowest grade, the Civil Service Commission shall ascertain whether or not there are at least two employees who have served one year or more in the next lower grade or grades and at least three years in the department of which they are members as of the final date of filing of the application, who are eligible and willing to compete to fill such vacancy. If it is found that there are at least two (2) employees, the vacancy shall be filled from an eligible list established by a competitive examination for promotion of such employees."

Section 3 of that rule further provides:

"Whenever there are fewer than two persons holding a position in the grade or rank next lower than the position to be filled, which person is eligible and willing to compete, the Commission shall allow the persons holding position in the then next lower grade or rank, i.e., two grades or ranks lower than the grade or rank in which the vacancy exists, and who are eligible and willing, to compete with the person holding a position in such grade or rank lower than the position to be filled, or if there is no person holding a position in such grade or rank, then to compete with each other for the vacancy."

Thus, when there are at least two persons eligible and willing to take a promotional examination, who have served in the next lower rank for a period of at least one year, persons situated in the rank below those eligible will not be permitted to take the promotional examination.

In light of the above, we must determine whether there were two persons serving in the rank of sergeant who had served at least one year in their respective rank. Appellant contends that two sergeants, he and Frank Calavitta, had at least one year time in grade in their ranks as sergeant when the promotional examination was given and, as such, were the only two persons eligible to participate in the promotional examination.

Pursuant to Lyndhurst Civil Service Commission Rule VIII, Section 2, an officer must have served at least one year in the next lower grade *"as of the final date of filing of the application"* in order to be eligible to compete. In the instant case, the deadline set by the civil service commission for submitting the applications for the lieutenant's promotional examination was June 30, 1989.

As of June 30, 1989, only the appellant had served the requisite one-year period in the rank of sergeant. It is uncontroverted that the appellant had served in the rank of police sergeant since July 1, 1988. Furthermore, Sergeant Calavitta was appointed sergeant by the Mayor of Lyndhurst effective October 10, 1988. As a result, Calavitta did not complete the required one-year time in grade as of June 30, 1989, the filing deadline for the lieutenant's examination.

However, appellant maintains Calavitta had time in sergeant's rank from July 1, 1988 as a result of a settlement agreement entered into between the civil service commission and Calavitta. Pursuant to said settlement agreement, the civil service commission and the mayor agreed to recognize "(for seniority purposes only) seniority for * * * Sergeant Calavitta effective as of July 1, 1988, for the promotion which occurred October 10, 1988." Appellant contends that seniority is synonymous with time in service and, as such, Calavitta's time in service as sergeant also dates back to July 1, 1988. We are not so persuaded.

We believe there exists a clear distinction between seniority and time in service, and we do not believe the terms can be used interchangeably. We conclude that the term "time in service" requires the actual performance of services in a given position and may not include time received through the retroactive grant of seniority. While the retroactive grant of seniority clearly benefitted Calavitta in the instant case by giving him priority in the selection of vacation days and priority in the event of layoffs among sergeants in the Lyndhurst Police Department, it cannot be utilized to establish that he commenced the actual performance of service as a sergeant from the July 1, 1988 retroactive date. Rather, Calavitta commenced the actual performance of services as sergeant on October 10, 1988, the effective date of his appointment.

We find support for our conclusion that time in service requires the actual performance of services in the case of *Hauschild v. Cleveland* (1958), 105 Ohio App. 444, 6 O.O.2d 193, 147 N.E.2d 127. Therein, it was alleged that seventeen police officers who had been reinstated to their rank after being suspended should have been eligible to take a promotional examination for the position of deputy inspector. The court stated in *Hauschild:*

"While the effect of the order of the Common Pleas Court, which was affirmed by this court, reinstated the 17 officers to their rank, including the restoration of their salaries for the period of their removal and suspension, it could not restore the services which these officers would have performed had they remained on duty. This court could not by an *ex post facto* judgment restore services which these officers did not perform. When Smith and Szereto were promoted from the rank of lieutenants to the rank of captains on August 1, 1954, they actually performed services as captains from that time to December 15, 1955, and again from December 22, 1955, to December 5, 1956, the date fixed for the promotional examination, and, to the extent they performed such services, they were entitled to credit therefor." *Id.* at 448–449, 6 O.O.2d at 195–196, 147 N.E.2d at 130.

In light of the above, we conclude the Lyndhurst Civil Service Commission correctly determined that there were not at least two sergeants who had served at least one year in their rank as of the June 30, 1989 deadline to submit the applications for the lieutenant's promotional examination. Accordingly, the civil service commission properly permitted eligible patrolmen to participate in the promotional examination pursuant to Civil Service Commission Rule VIII, Section 3.

Thus, appellant's first three assignments of error are without merit and are overruled.

Appellant's fourth assignment of error provides:

"The trial court erred in apparently relying on certain unlawful rules adopted by the city of Lyndhurst Civil Service Commission."

Appellant contends that Civil Service Commission Rule VIII, Section 2 conflicts with R.C. 124.44 and, as such, is unlawful based upon the precedent established in *Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 524 N.E.2d 447. Additionally, appellant maintains Rule VIII, Section 2 does not establish a date in which to measure whether an individual has served "at least twelve months in rank." Rather, appellant argues the rule establishes only that one must have served at least three years in the department of which one was a member as of the final date of filing of the application. Appellant's contentions lack merit.

Lyndhurst Civil Service Commission Rule VIII, Section 2 governs the administration of promotional examinations. It provides:

"Whenever there is a vacancy in a position in any department above the lowest grade, the Civil Service Commission shall ascertain whether or not there are at least two employees who have served one year or more in the next lower grade or grades and at least three years in the department of

which they are members as of the final date of filing of the application, who are eligible and willing to compete to fill such vacancy. If it is found that there are at least two employees, the vacancy shall be filled from an eligible list established by a competitive examination for promotion of such employees."

R.C. 124.44 also concerns procedures to be followed in administering promotional exams. It provides in pertinent part:

"No positions above the rank of patrolman in the police department shall be filled by original appointment. Vacancies in positions above the rank of patrolman in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrolman in a police department shall be filled by any person unless he has first passed a competitive promotional examination. Promotion shall be by successive ranks so far as practicable, and no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank. No competitive promotional examination shall be held unless there are at least two persons eligible to compete."

Initially, we will address appellant's contention that Rule VIII, Section 2 does not establish a deadline for the final date of filing of the application to take a promotional examination, but rather requires only that an employee must have served for three years in the department as of the filing date.

In construing the statute, we find that the phrase "as of the final date of filing of the application" modifies not only the three-year requirement, but also the one-year service requirement. We thus reject appellant's arguments to the contrary and conclude that an employee must have served at least one year in the next lower grade as of the final date of filing the application to take a promotional examination.

Next, appellant contends Rule VIII, Section 2 impermissibly conflicts with R.C. 124.44. We disagree.

■ The Home Rule Amendment to the Ohio Constitution, Section 3, Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Moreover, the appointment of officers within a city's police force is an exercise of "local self-government" within the meaning of those words as used

in the Ohio Constitution. *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722.

In *Bardo v. Lyndhurst, supra,* 37 Ohio St.3d at 109, 524 N.E.2d at 192, citing *State ex rel. Votaw v. Matia* (1932), 43 Ohio App. 279, 183 N.E. 122, the Supreme Court recognized that in the absence of express language in a charter showing that it conflicts with the statutes, it is the duty of the courts to harmonize the provisions of the charter with the provisions of the statute relating to the same matter. It follows that where there is no express conflict between civil service rules and the statutes, it is a court's duty to harmonize the civil service rules and the statutes.

Our examination of R.C. 124.44 and Lyndhurst Civil Service Commission Rule VIII, Section 2 reveals no conflicts. Rule VIII, Section 2 states that an employee must serve one year in the next lower grade as of the final date of filing of the application. R.C. 124.44 states no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank. While R.C. 124.44 is silent as to how the twelve-month period is to be calculated, Rule VIII, Section 2 provides the method by which the period is to be calculated. Further, they both require the employee to serve at least one year in the next lower grade.[1] In our opinion, the additional term regarding the calculation of the twelve-month period does not create an express conflict between R.C. 124.44 and Civil Service Commission Rule VIII, Section 2.

Given our determination that there is no conflict between the rules, the civil service commission rule is valid and enforceable. A municipal civil service commission has authority to prescribe, amend and enforce rules not inconsistent with R.C. Chapter 124 provisions. R.C. 124.40 provides in relevant part:

" * * * Such municipal Civil Service Commission shall prescribe, amend, and enforce rules not inconsistent with this Chapter for the classification of positions in the Civil Service of the City and City School District * * * for examinations and resignation thereof; for appointments, promotions, removals, transfers, lay-offs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein."

Moreover, in *State ex rel. Wynne v. Urban* (1952), 91 Ohio App. 514, 519, 49 O.O. 108, 110, 107 N.E.2d 637, 639, it was held that a local civil service

---

1. R.C. 124.44 requires that a person serve at least twelve months in the next lower grade. Rule VIII, Section 2 of the Lyndhurst Civil Service Commission Rules requires a person to serve at least one year in the next lower grade. Although phrased differently, these two rules clearly establish the same time requirement.

commission has the authority to promulgate rules not in conflict with statutory provisions.

In light of the above, we conclude the Lyndhurst Civil Service Commission had the authority to promulgate Rule VIII, Section 2. Furthermore, we find no conflict between R.C. 124.44 and Rule VIII, Section 2. Therefore, we hold Rule VIII, Section 2 is valid and, contrary to appellant's contention, is lawful.

Accordingly, appellant's fourth assignment of error is without merit and is overruled.

Appellant's fifth assignment of error provides:

"If the trial court, by finding for defendant-appellee Jeffrey Porter on Porter's counterclaim, meant to suggest appellant Strasshofer was liable for any money damages or other relief, than [*sic*] the trial court erred."

Appellant argues the trial court erred in entering judgment for appellee Porter on Porter's counterclaim if that judgment includes an undetermined amount of money damages against appellant. After reviewing the trial court's judgment entry and order, we conclude it does not contain an award of money damages for appellee Porter and against appellant.

The relevant portion of the trial court's judgment entry provides:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that declaratory judgment is granted in favor of Defendant, Jeffrey Porter, on his Counterclaim, and against the Plaintiff, in that he is legally and validly entitled to promotion to the rank of Police Lieutenant forthwith."

The judgment entry quoted above makes no award of money damages and merely provides that Porter is entitled to promotion to the position of police lieutenant. To that effect, appellant's fifth assignment of error is without merit and is overruled.

Appellant's sixth assignment of error provides:

"If the trial court relied in any way upon stipulation number twenty-two, for which plaintiff-appellant filed a timely and completely unopposed motion to withdraw, then the trial court erred."

Appellant contends the trial court erred by relying on a contested stipulation. Specifically, appellant refers to Stipulation No. 22, which states:

"As of June 30, 1989, plaintiff Strasshofer had not served at least twelve months in the sergeant's rank the rank prior in succession to lieutenant's rank."

There is no indication that the trial court impermissibly relied on Stipulation No. 22 in rendering its decision. We have previously found, herein, that appellant had served at least twelve months in the rank of sergeant as of the

June 30, 1989 filing deadline. However, that determination does not change the result of the instant case since the Lyndhurst Civil Service Commission Rule VIII, Section 2 requires that there be at least two persons who have served the minimum twelve-month period in order to restrict the promotional examination to the next lower rank. In the instant case only the appellant met the minimum service requirements. Thus, we conclude the trial court need not have relied on Stipulation No. 22 in rendering its decision and reliance, if any, was harmless.

Accordingly, appellant's sixth assignment also lacks merit and is overruled.

The decision of the Lyndhurst Civil Service Commission and the judgment of the trial court are hereby affirmed.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and SPELLACY, J., concur.