COLLINI et al., Appellees,

v.

CITY OF CINCINNATI et al., Appellants.

[Cite as *Collini v. Cincinnati* (1993), 87 Ohio App.3d 553.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920120.

Decided May 5, 1993.

*Schwartz, Manes & Ruby, William S. Wyler* and *Donna M. Bergmann,* for appellees.

*Fay D. Dupuis,* City Solicitor, and *Mark C. Vollman,* for appellants.

MARIANNA BROWN BETTMAN, Judge.

The defendants-appellants appeal from the entry of the trial court granting summary judgment in favor of the plaintiffs-appellees. The defendants are the city of Cincinnati, Cincinnati Civil Service Commission, city manager, and fire chief (collectively, the "city"). The plaintiffs are firefighters employed by the city. This case involves the remedial rights of those firefighters in the aftermath of a promotion dispute. In its sole assignment of error, the city argues that the trial court erred in awarding retroactive "time in grade" to the successful firefighters. For the reasons that follow, we affirm the trial court's judgment.

Before we begin our analysis of the city's assignment of error, we note that this case was brought as a declaratory judgment action in which summary judgment was sought by all parties. The summary judgment motions were based upon stipulations and affidavits, and none of the parties raised genuine issues of

material fact. Furthermore, the trial court carefully detailed the rights of the parties in its final judgment entry. Therefore, the granting of summary judgment in this declaratory judgment action was procedurally proper. Civ.R. 56(A) through (C); *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 148, 586 N.E.2d 80, 82; R.C. 2721.02; *Powers v. Meyers* (Feb. 10, 1993), Hamilton App. No. C–920010, unreported, 1993 WL 30688; *Nichols v. Leader Natl. Ins. Co.* (Feb. 11, 1987), Hamilton App. No. C–860215, unreported, 1987 WL 6364.

In an antecedent case in this same dispute, this court held that the city of Cincinnati had improperly abolished certain captain positions in the fire division. *Perry v. Cincinnati* (Sept. 20, 1989), Hamilton App. No. C–880451, unreported, 1989 WL 107588. This court held that the city was required to fill those positions because they still existed and remained vacant.

In the instant case, the parties—the potential applicants for the vacant positions and the city—stipulated that there were seven open captain positions in the fire division. In the court's entry granting summary judgment, it named the seven individuals entitled to the captain positions. Subsequently, in its final judgment entry, the court incorporated its earlier decision and ordered that the successful litigants be awarded back pay, retroactive seniority, and retroactive time in grade.

There is a suggestion by the appellees that the city incorrectly raised the time-in-grade issue by a motion for reconsideration. The city did, in fact, file a motion requesting the court to reconsider its order as to retroactive time in grade. The trial court did not record any entry on this motion for reconsideration. We note once again that a motion for reconsideration does not exist under the Civil Rules. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus; *Rollman v. A.P.W.O.* (Feb. 6, 1991), Hamilton App. No. C–890712, unreported, 1991 WL 16013. Nonetheless, the city has properly raised this issue on appeal. The final judgment entry from which the city filed a timely appeal clearly includes an order of retroactive time in grade.

Although the firefighters prevailed, they dispute the fact that time in grade is a concept separate from seniority. R.C. 124.45 states in pertinent part:

"[N]o person shall be eligible to take the examination [for promotion] unless he has served twelve months in the rank from which the promotion is to be made * * *."

Whether this requirement is called "time in grade," "time in service," or a "twelve-month waiting period" is of no consequence. We clearly recognize it as a condition precedent to eligibility for a promotional examination. We also accept the fact that time in grade is a concept separate and distinct from seniority. *Strasshofer v. Lyndhurst* (1991), 76 Ohio App.3d 472, 477, 602 N.E.2d 379, 382.

The trial court properly considered these concepts to be distinct when it ordered them as separate parts of its remedy.[1]  Moreover, we do not accept, as appellees invite us to do, the contention that a time-in-grade requirement, whether it be by state law or city civil service regulation, has no basis or relevance as a prerequisite for promotional examination.  Such a rule or regulation clearly is within the broad powers provided to the state and municipalities by the Ohio Constitution. Section 10, Article XV, Constitution;  Section 3, Article XVIII, Constitution;  *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 108–109, 524 N.E.2d 447, 449–450;  *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 194, 5 O.O.2d 481, 483, 151 N.E.2d 722, 726.

▆▆  The sole issue before this court is whether retroactive time in grade can be awarded by judicial fiat.  The city, which acknowledges the existence of time in grade, argues that the court cannot provide that remedy, because R.C. 124.45 requires actual performance on the job.  We reject the city's contention in this case.  Central to our determination that the trial court correctly awarded retroactive time in grade is the original wrongful conduct of the city.[2]  Specifically, in *Perry,* this court found that the elimination of the captain positions by the city was improper, wrong, and contrary to state civil service laws.

▆▆  In a case such as this, the trial court has broad remedial latitude because declaratory judgment actions are *sui generis, i.e.,* they are neither strictly legal nor strictly equitable in nature.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 22, 540 N.E.2d 266, 271.  The relief that may be granted is designed to fill the gap between law and equity.  *Id.*  It is fundamental to the law of remedies that parties damaged by the wrongful conduct of others are entitled to be made whole.  See, generally, *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 52 O.O.2d 395, 263 N.E.2d 235, paragraph one of the syllabus (tort); *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 660, 590 N.E.2d 737, 741 (prejudgment interest);  *Ed Stinn Chevrolet, Inc. v. Natl. City Bank* (1986), 28 Ohio St.3d 221, 233, 28 OBR 305, 315, 503 N.E.2d 524, 535 (common law;  Uniform Commercial Code);  *Stranahan Bros. Catering Co. v. Coit* (1896), 55 Ohio St. 398, 415–416, 45 N.E. 634, 639 (contract).  If legal remedies will not make an aggrieved party whole, equitable remedies also are available. *State ex rel. Wright v. Weyandt* (1977), 50 Ohio St.2d 194, 197, 4 O.O.3d 383, 385, 363 N.E.2d 1387, 1390.

---

**1.**  Both parties refer to Cincinnati Civil Service Commission R. 10, Section 4, which requires two years' time in grade to take the fire captain examination.  Whether this regulation is in conflict with the shorter time-in-grade requirement of state civil-service law is not before us and shall not be decided in this appeal.

**2.**  Without wrongful conduct, such a remedy may be inappropriate.  See, *e.g., State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 115, 524 N.E.2d 447, 455.

In employment disputes specifically, the court may use equitable remedies to make the injured party whole. For example, the Supreme Court of Ohio expressly held that an employee could recover back pay and seniority when a promotion was delayed due to the bad faith of a municipality. *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468, syllabus. There, as here, the court focused on the wrongful conduct of the municipality in fashioning a remedy to make the wronged police officers whole. *Id.* Similarly, when a corporation wrongfully discharged an employee, reinstatement and "front pay" were proper remedies available to the court. See, generally, *Worrell v. Multipress, Inc.* (1989), 45 Ohio St.3d 241, 246, 543 N.E.2d 1277, 1282. Finally, when a city violated state civil service laws by improperly abolishing two positions in the police force, the wronged officers were entitled to recover back pay and seniority. *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 345, 25 OBR 392, 398, 496 N.E.2d 912, 918.

Our holding in this case is completely consistent with these decisions. Retroactive time in grade was an appropriate part of the remedy ordered to make the parties whole. But for the wrongful conduct of the city, the officers would have had time in grade.

Despite its wrongful conduct, the city claims that we disapproved court-awarded retroactive time in grade in *Hungler v. Cincinnati* (May 1, 1991), Hamilton App. No. C–900495, unreported. This court did not hold, as the city suggests, that time in grade can be fulfilled only by actual performance. The city overreads this decision. This court in *Hungler* held only that, based upon the state of the record, there was insufficient evidence to support the police officers' claims for remedial relief.

Additionally, the city relies on *Strasshofer* to buttress its claim that actual performance is necessary to fulfill a "time in service" requirement. However, even though the Cuyahoga County Court of Appeals found that time in service requires actual performance in a given position and may not be satisfied through a retroactive grant of seniority, it did not find unlawful conduct by the city of Lyndhurst or its civil service commission. *Strasshofer, supra,* 76 Ohio App.3d at 477, 602 N.E.2d at 382. Such a finding is central to our analysis and our approval of the remedy in this case.

Here, because there was wrongful conduct by the city, the court did not err by awarding retroactive time in grade. Consequently, appellants' assignment of error is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and DOAN, J., concur.