**DEEMER et al., Appellees,**

v.

**ASHTABULA CITY CIVIL SERVICE COMMISSION et al., Appellants.**

[Cite as *Deemer v. Ashtabula City Civ. Serv. Comm.* (1997), 124 Ohio App.3d 630.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 97–A–0014.

Decided Dec. 30, 1997.

---

M. *Stewart Douglas,* for appellees Ronald Deemer and Jeffrey Gianantonio.

*Thomas J. Simon,* Ashtabula City Solicitor, for appellants Ashtabula City Civil Service Commission, city of Ashtabula, and Norman Jepson, Chief, Ashtabula City Fire Department.

FORD, Presiding Judge.

This is an accelerated appeal from the Ashtabula County Court of Common Pleas. Appellants, Ashtabula City Civil Service Commission ("commission"), the city of Ashtabula ("city"), and Fire Department Chief Norman Jepson ("Jepson"), appeal from a judgment of the trial court in favor of appellees, Ronald Deemer ("Deemer") and Jeffrey Gianantonio ("Gianantonio") ordering the certification of appellees' names to the promotional list and the appointment of each appellee to the position of engineer within the Ashtabula City Fire Department.

Appellees were employed by the city of Conneaut as full-time firefighters for a period in excess of two years prior to January 1994.[1] Appellees were hired as full-time firefighters by the city of Ashtabula in January 1994, and have worked in such positions from January 1994 to date.

In January 1995, each having worked one year in the Ashtabula Fire Department, appellees made a written request to the commission to rule on their eligibility to participate in the promotional examination to be given April 6, 1995, for the position of engineer within the Ashtabula City Fire Department. On February 24, 1995, appellees were advised in writing by the commission that they would be allowed to participate in the promotional examination. Appellees provided all necessary documentation to the commission concerning their respective years of service in the grade of firefighter with both the city of Ashtabula and the city of Conneaut.

On April 6, 1995, appellees took the promotional examination for the position of engineer with four other Ashtabula firefighters. On April 19, 1995, Gianantonio was advised by the commission that he had attained the highest score on the examination, and Deemer was notified that he had attained the second highest score. Prior to being given credit for seniority, Deemer and Gianantonio scored 77.0 and 91.0, respectively. After being given credit for seniority, their respective scores were 82.8 and 95.0.

Within seven days of the posting of the results of the promotional examination, two other firefighters who had also taken the examination lodged their protest against the inclusion of appellees' names on the certified promotional list. These protesting officers, who had taken and passed the examination with lower scores, alleged that the commission should not have permitted Deemer and Gianantonio

---

1. The parties submitted stipulated facts on September 30, 1996.

to participate in the promotional examination because they had not held the rank of regular firefighters with Ashtabula's fire department for a period of twenty-four months. They asserted that R .C. 124.45 prohibited appellees from participating in the promotional examination and, by extension, from having their names certified to the appointing authority for promotional consideration.

On May 15, 1995, the commission requested an opinion from the office of the Ashtabula City Solicitor, who rendered an opinion in a letter dated June 22, 1995.[2]

The city solicitor advised the commissioners that they should not have permitted appellees to participate in the promotional examination for two reasons. First, the solicitor opined that while both Conneaut and Ashtabula had the initial grades of firefighter, the next promotional step in Conneaut was lieutenant, while in Ashtabula it was engineer. It was the solicitor's opinion that the two departments were structured differently and that it was impossible to equate the rankings in the Conneaut Fire Department with those in the Ashtabula Fire Department. Second, the solicitor reasoned:

"It is clear [that R.C. 124.45] contemplates a firefighter obtaining, as a prerequisite to eligibility for the promotional examination, knowledge and experience unique to the community and department in which he serves as a Regular Firefighter. Accordingly, experience gleaned in a jurisdiction other than that of the Ashtabula City Civil Service Commission is not readily transferable. A contectual [sic] reading of [R.C. 124.45] mandates that the experience obtained is obtained within the jurisdiction within which the promotion is sought."

On July 21, 1995, the commission conducted a hearing and certified the firefighter engineer promotional list without including the names of appellees. On July 24, 1995, the city appointed the firefighters who had scored third and fourth on the examination to the rank of firefighter engineer.

Appellees appealed the commission's decision to the Ashtabula County Court of Common Pleas. On February 4, 1997, the trial court ordered the commission to certify appellees' names to the firefighter engineer certified promotional list, and further ordered the commission to appoint appellees to the position of engineer. Appellants timely appealed, and raise a single assignment of error:

---

2. The commission had earlier sought an opinion from the State Department of Administrative Services regarding whether prior service in a different fire department could be considered as part of the twenty-four-month requirement under R.C. 124.45. The commission attempted to obtain an opinion from that agency on two occasions. The agency advised the commission both times that due to the lack of case law and regulations on the topic, they were unable to recommend a course of action based on precedent, but that it would probably be advisable to permit appellees to take the promotional examination.

"The trial court erred in its February 4, 1997 judgment entry by stating the Civil Service Commission certified [appellees] eligible for promotion to engineer within the Ashtabula Fire Department." [3]

The critical issues in the case at bar are (1) whether appellees' prior firefighting service in the Conneaut Fire Department can be added to the hours they have worked in the Ashtabula Fire Department in satisfaction of the twenty-four-month prerequisite for the promotional examination, (2) whether certification of one's name for promotion occurs automatically upon receipt of the highest examination score, and (3) whether the commission abused its discretion when it refused to place appellees' names on the promotional eligibility list.

With respect to the first issue, the trial court noted that "[t]he Ashtabula City Charter is silent as to any credit to be given for promotional purposes to a [firefighter] for prior service obtained outside of the city of Ashtabula." [4] Additionally, appellants have cited no municipal rule which sets forth a more particularized definition than that contained in R.C. 124.45 concerning the twenty-four-month requirement. Where the charter and municipal ordinances are silent, as here, the provisions of the Ohio statutes govern. See *State ex rel. Lightfield v. Indian Hill* (1994), 69 Ohio St.3d 441, 442, 633 N.E.2d 524, 525–526; *State ex rel. Bednar v. N. Canton* (1994), 69 Ohio St.3d 278, 280–281, 631 N.E.2d 621, 623–625; *Fraternal Order of Police Lodge 25 v. Lakewood* (Nov. 3, 1994), Cuyahoga App. No. 67196, unreported, 1994 WL 615037. Here, in the absence of a municipal rule narrowly defining the scope of credit to be given for promotional purposes to a firefighter for prior service outside the city of Ashtabula, we determine that R.C. 124.45 controls.

R.C. 124.45, concerning the promotion of firemen, provides:

"When a vacancy occurs in the promoted rank immediately above the rank of regular fireman, no person shall be eligible to take the examination *unless he has served twenty-four months in the rank of regular firemen* [.]" (Emphasis added.)

Thus, R.C. 124.45 is silent regarding whether credit is to be given for service in a fire department other than the one in which the firefighter is currently employed. In construing an ambiguous statutory term, we are compelled to proceed as follows:

"Where a statute contains an ambiguous term, a court interpreting the statute must determine what the legislature intended the statute to mean. R.C.

---

**3.** The transcript of the hearing conducted by the commission has not been properly certified by the court reporter, in derogation of App.R. 9(B).

**4.** Neither party has provided this court with a copy of the relevant provisions of the charter or any applicable rules, nor does the record contain a copy of the charter or the relevant rules.

1.49(A) through (F) state that, in this endeavor, courts may look to the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, common law or former statutory provisions, the consequences of a particular construction and the 'administrative construction' of the statute." *In re Petrak* (1984), 18 Ohio App.3d 75, 76, 18 OBR 240, 241, 480 N.E.2d 1136, 1137.

The Eighth District Court of Appeals stated in *Hauschild v. Cleveland* (1958), 105 Ohio App. 444, 451, 6 O.O.2d 193, 197, 147 N.E.2d 127, 132:

"[C]ourts are not inclined to be technically restrictive in the matter of the eligibility to take examinations where the parties have acquired experience in a position of the next lower rank for a period of time sufficient to qualify them to take the examination for the next higher rank."

"In *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 599 N.E.2d 268, the Supreme Court held that the phrase 'years of service' in R.C. 124.31(B) 'also includes service earned with other political subdivisions.' [*McArthur* at 29, 599 N.E.2d at 271]." *State ex rel. Regetz v. Cleveland Civ. Serv. Comm.* (July 15, 1994), Cuyahoga App. No. 65596, unreported, at 1, 1994 WL 386002, affirmed (1995), 72 Ohio St.3d 167, 648 N.E.2d 495. The *DeSouza* court noted that its "construction [of. R.C. 124.31 was] consistent with the scope of state civil service laws, which define 'civil service' * * * in terms of state, county, and city employment. R.C. 124.04." *DeSouza* at 29, 599 N.E.2d at 271.

The *DeSouza* court essentially adopted the position that a promotional requirement contained in a statute should be construed liberally, in accordance with the civil service laws, unless the General Assembly has demonstrated its intent to narrowly prescribe a particular prerequisite by promulgating restrictive provisions.

Appellees assert:

"The statute does not limit the twenty-four month requirement to service with one municipality[,] nor does it require continuous service. In other words, the statute read literally does not include the requirement imposed by the Ashtabula Commission."

■ We concur. In view of the general language used by the General Assembly in setting forth the twenty-four-month prior-service prerequisite, and in the absence of a charter provision or municipal rule superseding the statute, the trial court correctly invoked the liberal construction rule and properly determined that a firefighter may accumulate the requisite twenty-four months of experience as a firefighter with more than one municipal fire department.

We are mindful of the restrictive language used by the General Assembly in promulgating the seniority credit requirement in R.C. 124.45, that "[c]redit for seniority shall be based only on service in the municipal or civil service township fire department[.]" Clearly, seniority credit is an integral part of the firefighter candidate's total examination score under R.C. 124.45. However, our inquiry here is directed toward time in rank, and not seniority. Consequently, the restrictive language pertaining to seniority does not apply to time in rank. See *Collini v. Cincinnati* (1993), 87 Ohio App.3d 553, 555, 622 N.E.2d 724, 726 ("time in grade is a concept separate and distinct from seniority"); *Strasshofer v. Lyndhurst* (1991), 76 Ohio App.3d 472, 477, 602 N.E.2d 379, 382 ("there exists a clear distinction between seniority and time in service, and we do not believe the terms can be used interchangeably"). Time in rank pertains to time accrued within a single job title, while seniority relates to time accumulated within a single municipal civil service system regardless of rank or job title. In summary, appellees were entitled to take the examination by virtue of having worked as firefighters for more than twenty-four months in the Conneaut and Ashtabula Fire Departments.

■ We now turn to the second and third issues, whether certification of one's name for promotion occurs automatically upon receipt of the highest examination score, and whether the commission abused its discretion by refusing to place appellees' names on the promotional list. The parties stipulated to the underlying facts; thus, the trial court reviewed only legal issues. Therefore, the standard of review is stated as follows:

■ "[P]ursuant to R.C. 2506.04 the court of common pleas may determine whether the board's decision is, *inter alia,* 'illegal,' *i.e.,* contrary to law. R.C. 2506.04; see *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113. Subsequent appeals to [the appellate court] are limited to questions of law. * * * We will, therefore, affirm the opinion of the common pleas court unless we conclude that, in view of the largely undisputed factual fundament, its adjudication was contrary to law. R.C. 2506.04." *Cincinnati Bengals, Inc. v. Papania* (1993), 92 Ohio App.3d 785, 787, 637 N.E.2d 330, 331.

Consequently, the trial court had authority to reverse the commission's decision if it was contrary to law. R.C. 124.46, concerning eligible lists of firemen, provides in relevant part:

"The names of the examinees *shall* be placed on the eligible list in accordance with their grades; the one receiving the highest grade *shall* be placed first on the list. In the event two or more examinees receive the same grade, seniority in the fire department service *shall* determine the order of their names. The person

having the highest position on the list *shall* be appointed in the case of a vacancy." (Emphasis added.)

Significantly, the statutory language mandates that the names of the candidates having the highest examination scores be placed on the promotional list. The statute does not provide for any further discretionary intervention by the civil service commission once the examination scores have been determined and the order has become fixed.

In the case at bar, the trial court decided:

"The Ashtabula Civil Service Commission felt the [appellees] met the requirement of time and service for promotion to Engineer by their prior service as fire fighters in Ashtabula and Conneaut. There was no showing that the decision of the Ashtabula Civil Service Commission in certifying them eligible for promotion was either arbitrary or discriminatory. * * * There is no authority, in the statute or in case law, to deny the [appellees] credit for their prior service as Fire Fighters in the City of Conneaut, for seniority for promotion purposes. The gist of the Supreme Court's 1992 decision in *McArthur v. DeSouza,* is that the statutory language should be broadly construed in favor of allowing prior service for determining eligibility for promotion."

After reviewing the record, we agree with appellants' contention that the commission did not expressly decide at the beginning that appellees were eligible for promotion, but that the commission determined only that appellees were eligible to take the promotional examination. However, in spite of the factual misstatement by the trial court, the court's ultimate determination, *i.e.,* that the commission abused its discretion by later denying the promotions to appellees, is supported by the record. This determination is based on several factors.

First, the record contains a letter from the chairman of the commission to appellee Gianantonio stating the commission's opinion that appellees had already satisfied the statutory prerequisites:

"The Commission found no statute prohibiting prior continuous years of service from consideration in determining eligibility for this Promotional Exam. Therefore, it is the decision of the Commission that you may be allowed to participate in the Engineer Promotional Exam upon our receipt of proper documentation of prior service."

Appellees submit that "[w]hen the Ashtabula Commission initially determined in February 1995 that [appellees] were eligible to participate in the promotional examination for the rank of Engineer, there inhered in that decision the conclusion that the appellee firefighters were eligible for promotion to engineer." The commission's original decision reflects legislative intent "to require two years of firefighting experience prior to promotion." Since the twenty-four-month service

requirement is the only preliminary promotional requirement set forth in R.C. 124.45, it was improper for the commission to impose additional requirements *ex post facto.*

Second, when the commission subsequently determined during the hearing that it had erred by permitting appellees to take the examination, that decision was based solely on the solicitor's opinion, which in our view represents an inappropriately narrow reading of R.C. 124.45, pursuant to *DeSouza.* Significantly, during the hearing one commissioner opined that the language in R.C. 124.45 was, indeed, ambiguous, but he also stated his belief that the commission was bound to abide by the solicitor's opinion.

Third, during the hearing, the commissioners did not express appellees' purported lack of familiarity with the Ashtabula streets and the alleged potential danger to the public as bases for their refusal to certify appellees' names for promotion. This alleged ground for denial of promotion was not raised by appellants until the appeal proceeding.

Fourth, the trial court's determination that there is "no reason, in the statutes or in the case law or in the record of this case, to deny [appellees] credit for prior service as [firefighters] in the City of Conneaut and no reason to disqualify them from serving as Engineers with the City of Ashtabula Fire Department" comports with those cases holding that the denial of a promotion when all other statutory prerequisites have been satisfied constitutes a denial of a statutory legal entitlement. *Lightfield,* 69 Ohio St.3d at 443, 633 N.E.2d at 526–527; *Bednar,* 69 Ohio St.3d at 281, 631 N.E.2d at 624–625. Consequently, once appellees were permitted to take the examination and ranked first and second on the test, they became legally entitled to appointment in the case of vacancy in the promoted position, and the commission was under a clear legal duty to carry out the statutory mandate. In summary, the commission abused its discretion by refusing to certify appellees' names, pursuant to R.C. 124.46, in light of the fact that they had satisfied the sole statutory prerequisite under R.C. 124.45, having worked more than twenty-four months in the rank of firefighter.

We conclude that the trial court did not err by granting appellees' appeal and ordering that their names be placed on the promotional list. Moreover, in the absence of any local rules imposing any additional promotional criteria, the trial court also properly ordered that appellees be appointed to the engineer positions. See, *e.g., Collini,* 87 Ohio App.3d at 556, 622 N.E.2d at 726 ("It is fundamental to the law of remedies that parties damaged by the wrongful conduct of others are entitled to be made whole.").

As a final matter, we believe that the solicitor's opinion, regarding the lack of equivalency in the rankings within the two different fire departments, is not persuasive for two reasons. First, the commission itself had considered the two

ranking schemes sufficiently similar to allow appellees to take the examination in the first instance. Second, appellee Deemer offered competent, credible testimony regarding the relative parity of the rankings in each department, explaining that while the job titles were different, the duties and responsibilities were essentially the same. There was also testimony concerning the significant experience of appellees.

This court stated in *Rappach v. Liberty Twp. Civ. Serv. Comm.* (Mar. 12, 1993), Trumbull App. No. 92–T–4643, unreported, at 11, 1993 WL 110986, that time served by two employees as "cadet" firefighters was properly included in determining whether they had served the required twenty-four months to be eligible to take the engineer examination. We reasoned that there was no authority under the collective bargaining agreement to create a new entry rank of cadet firefighters and that the only meaningful and allowable inference to be drawn from the cadet designation pertained solely to wages and salaries. This reasoning applies with equal force to the instant case.

Accordingly, appellants' assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.