In re Appeal of Petrak.

(No. CA84-02-019—Decided June 29, 1984.)

*Holbrock, Jonson, Bressler & Houser* and *Timothy R. Evans,* for appellant.

*Charles A. Turner,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County, Ohio.

Appellant, Edward Petrak, was employed by appellee, the city of Hamilton, as a police officer. Prior to this, Petrak had worked for five years in the city water department. Petrak was subsequently one of eight officers laid off by the city on March 1, 1983. It was stipulated by the parties that, if the five years Petrak worked with the water department were included in determining his seniority, he would not have been laid off.

Petrak appealed his layoff to the

civil service commission which upheld the layoff in a June 15, 1983 decision. Petrak then appealed that decision to the court below, which affirmed the decision of the civil service commission in an entry dated January 17, 1984. Petrak invoked the jurisdiction of this court by the timely initiation of this appeal. We now affirm.

Section 6, Rule 9 of the Rules and Regulations of the Civil Service Commission in the city of Hamilton provides that "State of Ohio Civil Service laws * * *" will be used when it is necessary to reduce the city's police or firefighting force. R.C. 124.37, which deals with removals, reappointments and demotions in police and fire departments, provides, in part, that:

"When it becomes necessary in a police or fire department, through lack of work or funds * * * to reduce the force in such department, the *youngest employee in point of service shall be first laid off.* * * *" (Emphasis added.)

This appeal focuses on the term, "youngest employee in point of service," which is not defined by the Revised Code. Essentially, appellant argues that *all* service with the city should be included in determining an officer's seniority with regard to layoffs, while appellee contends that, as far as layoffs in the police department are concerned, only departmental seniority can be considered.

R.C. Chapter 124 deals with the Department of Administrative Services and establishes many rules and guidelines for state employees. Many sections, however, deal specifically with police and fire departments and establish qualifications for appointments (R.C. 124.41 and 124.42) and guidelines on promotion (R.C. 124.44 and 124.45),

the filing of vacancies (R.C. 124.48), increases in salary for educational achievements (R.C. 124.491), reinstatement after injury or resignation (R.C. 124.50) and, of course, removals, reappointments and demotions (R.C. 124.37). In addition, R.C. Chapter 742 establishes a separate disability and pension fund for police and fire personnel.

Where a statute contains an ambiguous term, a court interpreting the statute must determine what the legislature intended the statute to mean. R.C. 1.49(A) through (F) state that, in this endeavor, courts may look to the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, common law or former statutory provisions, the consequences of a particular construction and the "administrative construction" of the statute.

R.C. 124.37 applies only to police and fire personnel. There is a pattern in the Revised Code to provide different guidelines and rights to police and fire personnel in some areas than are provided to other civil service employees.[1] This court believes that a reasonable and logical interpretation of what was intended by the legislature in adopting R.C. 124.37, based on these facts, is that where police and fire personnel are to be laid off, *departmental* seniority only is to be considered. Thus, the civil service commission's decision was proper and the court below properly affirmed that decision.

Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.

---

[1] For example, police and fire personnel can appeal *any* period of disciplinary suspension (R.C. 124.34), while other employees may appeal only suspensions for more than three days. See, also, our discussion *infra.*