[Cite as *Norris v. Elyria*, 195 Ohio App.3d 256, 2011-Ohio-4169.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

NORRIS ET AL.,

    Appellees,

    v.

CITY OF ELYRIA,

    Appellant.

C.A. No.     10CA009900

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV164758

DECISION AND JOURNAL ENTRY

Dated: August 22, 2011

Patrick D. Riley and Audrey P. Forrest, for appellees.

Michael E. Szekely, for appellants.

DICKINSON, Judge.

INTRODUCTION

{¶ 1} The city of Elyria fire department eliminated one captain and eight lieutenant positions for budgetary reasons, demoting the employees in those positions to regular firefighters. The city chose which employees to demote based on overall length of service in the department. The affected employees appealed to the Elyria Civil Service Commission, arguing that the city should have based the demotions on length of service within a particular rank, not

overall length of service in the department. The commission determined that the city had properly decided who should be demoted. The affected employees appealed the commission's decision to the Lorain County Common Pleas Court, which reversed, concluding that the city should have based the demotions on seniority at each rank. The city has appealed, assigning as error that the common pleas court incorrectly applied Ohio law regarding the demotion of firefighters. We affirm, because in deciding which members of a rank should be demoted under R.C. 124.37, the city must base its decision on the employees' length of service at that particular rank.

## BACKGROUND

{¶ 2} In April 2009, the city abolished one captain and eight lieutenant positions from the rank structure of its fire department to save money on salaries and benefits. The city did not lay off any employees, but demoted the persons who held the abolished positions to regular firefighters. To determine which of its seven captains would be demoted to lieutenant, the city looked at the date that each had begun working for the department. The captain with the least departmental seniority was Jamison Norris. He was also the most recent appointee to that position.

{¶ 3} Regarding which of the 15 lieutenants it would demote to firefighter, the city again looked at departmental start dates. Because some lieutenants had been promoted from regular firefighter more slowly than others, this caused employees with more experience at the lieutenant position to be demoted instead of those with less experience at that position. For example, the city demoted Lieutenant Weber instead of Lieutenant Thrasher because it had hired Thrasher as a firefighter one month before it had hired Weber. It made that decision even though Weber had been a lieutenant for 11 years longer than Thrasher had.

{¶ 4} Another thing the city did when it determined which of the lieutenants to demote was to include Norris in its calculation, even though he had become a lieutenant by virtue of the same job-elimination action. Because the department had hired Norris as a firefighter more recently than several of the other lieutenants, the city determined that he was one of the lieutenants who had to be demoted to regular firefighter. Norris, therefore, ended up being demoted from captain down to firefighter, making him subordinate to employees he had outranked before the action.

{¶ 5} The demoted employees appealed the city's decision to the Elyria Civil Service Commission, which upheld it. The employees appealed to the common pleas court, which reversed, concluding that the city had to base its demotion decisions on seniority in rank instead of overall departmental seniority.

FIREFIGHTER DEMOTIONS

{¶ 6} The city's assignment of error is that the common pleas court incorrectly applied Ohio law as it relates to the demotion and layoff of city firefighters. Under R.C. 2506.04, a common pleas court reviews a decision of a political-subdivision agency to determine if it was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." A common pleas court's decision is appealable to an appellate court on "questions of law." R.C. 2506.04. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34. That "does not include the same extensive power to weigh 'the preponderance of substantial, reliable and

probative evidence,' as is granted to the common pleas court." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St. 3d 142, 147, quoting *Kisil*, at 34, fn.4.

{¶ 7} The city has argued that it was required under R.C. 124.37 to base its demotions on overall departmental seniority, regardless of rank. Under R.C. 124.37, "[w]hen it becomes necessary in a police or fire department, through lack of work or funds * * * to reduce the force in such department, the youngest employee in point of service shall be first laid off. * * * When a position above the rank of patrolman in the police department and above the rank of regular fireman in the fire department is abolished, and the incumbent has been permanently appointed, he shall be demoted to the next lower rank and the youngest officer in point of service in the next lower rank shall be demoted, and so on down until the youngest person in point of service has been reached, who shall be laid off." This provision was originally enacted in 1927 and codified at G.C. 486-17b. Its language has remained substantially similar since 1931. 112 Ohio Laws 114 (1927); 114 Ohio Laws 224 (1931). The Ohio Supreme Court has held that if a city fails to comply with R.C. 124.37 when it abolishes a position above the rank of patrolman or regular firefighter, its attempted elimination of the position is "void." *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 344.

{¶ 8} The city's argument hinges on the meaning of the phrases "youngest employee in point of service" and "youngest officer in point of service in the next lower rank." If those phrases refer to the employee at a given rank who has the shortest length of service in the department overall, the city correctly applied the statute. If they refer, instead, to the employee who has the shortest length of service at a particular rank, then the common pleas court correctly applied the statute. Despite the statute's 80-year history, there is only one Ohio appellate case interpreting that language, *In re Petrak* (1984), 18 Ohio App.3d 75. *Petrak* is not helpful,

however, because the only question before the Twelfth District was whether an employee's point of service included his time with a municipal water department. The court concluded that only time employed with a police or fire department is to be considered in determining an employee's point of service under R.C. 124.37. Id. at 76. It did not address how seniority within a police or fire department is determined.

{¶ 9} "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters: (A) [t]he object sought to be attained; (B) [t]he circumstances under which the statute was enacted; (C) [t]he legislative history; (D) [t]he common law or former statutory provisions, including laws upon the same or similar subjects; (E) [t]he consequences of a particular construction; [and] (F) [t]he administrative construction of the statute." R.C. 1.49. Regarding the first factor, the Ohio Supreme Court has explained that "[t]he purpose of the civil service system is to provide a 'stable framework of public offices upon which a workable civil service system may be constructed' while 'avoiding the traditional spoils system * * * and * * * providing a method of fair employee selection and promotion based upon merit and fitness.'" *Hungler*, 25 Ohio St.3d at 344, quoting *McCarter v. Cincinnati* (1981), 3 Ohio App.3d 244, 248. Regarding the second and third factors, we note that there is little legislative history regarding R.C. 124.37, except that a sentence was added later regarding laid-off employees who enter the armed forces. The added sentence has no relevance to this case.

{¶ 10} Regarding the fourth factor, we can compare R.C. 124.37 to the layoff process when civil-service positions are abolished in departments other than police or fire. Under R.C. 124.321(D)(3), "[i]f an abolishment results in a reduction of the work force, * * * [t]he employee whose position has been abolished shall have the right to fill an available vacancy within the employee's classification." It further provides that "[i]f the employee whose position has been

abolished has more retention points than any other employee serving in the same classification, the employee with the fewest retention points shall be displaced[,] * * * [and] [i]f the employee whose position has been abolished has the fewest retention points in the classification, the employee shall displace the employee with the fewest retention points in the next or successively lower classification in the classification series." R.C. 124.321 was enacted in 1982. In its decision, the common pleas court concluded that R.C. 124.37 should be construed to produce the same result as R.C. 124.321, which specifically explains that it is the employee with the least seniority at a particular classification who is subject to displacement, not the employee with the overall least amount of time in the department. R.C. 124.321(D)(3).

{¶ 11} Regarding the consequences of the two constructions of R.C. 124.37, we note that the city's interpretation of the statute resulted in the demotion of some lieutenants who had served in that capacity for several years longer than those who were retained as lieutenants. The fact that those firefighters had been promoted to lieutenant sooner than their colleagues was not by chance. Rather, the Ohio Revised Code provides that all fire-department promotions must occur by competitive examination. R.C. 124.45. Although examination takers are given some credit for seniority, whoever scores highest on the exam is placed first on an eligibility list, from which all promotions occur. See R.C. 124.46 ("The person having the highest position on the list shall be appointed in the case of a vacancy"); R.C. 124.48. The city, therefore, not only demoted lieutenants who were more experienced at that position than others, it demoted those who had reached that rank faster by outscoring their colleagues on a competitive examination despite their disadvantage of lack of overall departmental seniority.

{¶ 12} Upon consideration of all of the factors listed in R.C. 1.49, we conclude that the common pleas court correctly applied R.C. 124.37. As the Ohio Supreme Court has explained,

the statute is intended to provide " 'a method of fair employee selection and promotion based upon merit and fitness.' " *Hungler*, 25 Ohio St.3d at 344, quoting *McCarter v. Cincinnati* (1981), 3 Ohio App.3d 244, 248. The trial court's interpretation recognizes the fact that cities should want to retain their most capable and experienced employees. This approach is also consistent with the process the legislature enacted for civil-service workers in other departments. R.C. 124.321. The city has not persuaded us that the legislature would insist that more seasoned lieutenants be demoted rather than less experienced lieutenants just because they had worked for the department a few days longer overall. Under the city's logic, it would be forced to demote a ten-year veteran in a position in favor of someone who had been appointed to the rank only a day before the demotions, just because the more recent appointee had been hired by the department as a regular firefighter one week earlier. Such a result is not only illogical, but would undermine the purpose of the civil-service system.

{¶ 13} We also conclude that the city improperly included Norris in its calculation of which lieutenants should be demoted to regular firefighter. The Ohio Supreme Court has explained that R.C. 124.37 "make[s] clear that where a city decides to abolish a higher ranking police position because of lack of [funds], there shall be a demotion of the incumbent accompanied by a series of additional demotions in the lower ranks ultimately resulting in the layoff of the least senior member of the police department." *Hungler* at 343-344. We believe that as more clearly explained in R.C. 124.321, when a police or fire department employee is demoted to the next lower rank because his position has been abolished, and there is not a vacancy at that next lower rank, he bumps the least senior member at that lower rank, who must be demoted to the next lower rank. This interpretation is logical, consistent with R.C. 124.321, and prevents what happened to Norris in this case. It is unfathomable that the legislature would

intend for a fire captain, who had achieved that rank because he demonstrated through a competitive examination that he was more suited for the position than other lieutenants, to go from a position of superiority to one of inferiority relative to those he had outscored. The city's assignment of error is overruled.

## CONCLUSION

{¶ 14} The common pleas court correctly concluded that the city improperly applied R.C. 124.37 when it determined which employees had to be demoted to reduce costs. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

BELFANCE, P.J., and WHITMORE, J., concur.