[Cite as *Morgan v. Mt. Vernon Civ. Serv. Comm.*, 2016-Ohio-5029.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ROBERT KIT MORGAN | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| THE MOUNT VERNON CIVIL | : | Case No. 15CA000017 |
| SERVICE COMMISSION, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 15AP06-0201


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            July 18, 2016


APPEARANCES:

For Plaintiff-Appellant                For Appellee Scott McKnight

PHILLIP D. LEHMKUHL                     NICHOLAS M. FIORILLI
101 North Mulberry Street               KOREY M. KIDWELL
Mount Vernon, OH  43050                 112 North Main Street
                                        Mount Vernon, OH  43050

                                        For Appellee Mount Vernon Civil
                                        Service Commission

                                        P. Robert Broeren, Jr.
                                        5 North Gay Street, Suite 222
                                        Mount Vernon, OH  43050

*Farmer, P.J.*

{¶1}   On January 12, 2015, appellee, Mount Vernon Civil Service Commission, posted a notice for the competitive examination for the position of captain of the Mount Vernon Police Department.  The application deadline was January 16, 2015, and the exam was scheduled for March 23, 2015.  Qualified applicants had to be Mount Vernon Police sergeants for at least twelve months by the testing date.   Both appellant, Sergeant Robert Kit Morgan, and appellee, Sergeant Scott McKnight, applied to sit for the exam.

{¶2}   On February 22, 2015, appellee McKnight filed a grievance pursuant to the collective bargaining agreement between the city of Mount Vernon and the Fraternal Order of Police.   He contested appellant's eligibility to sit for the exam because appellant had been demoted from sergeant to corporal and then promoted back to sergeant during the twelve month period prior to the exam date.  On March 16, 2015, the Mount Vernon Safety Service Director issued a decision denying the grievance because the issue of eligibility was not within the scope of the collective bargaining agreement.

{¶3}   Prior to the exam posting, the Commission's Merit Administrator had issued an opinion on December 12, 2014, explaining that although appellant had been a sergeant for only five months prior to the exam date, he had served as sergeant for fourteen months from November 25, 2012 to January 19, 2014, making appellant eligible to sit for the exam.

{¶4}   The exam was administered on March 23, 2015 and both parties passed. After further assessments, appellant finished with a higher total score over appellee

McKnight.   The partied were notified on April 23, 2015 of their respective certified scores.

{¶5}   On April 28, 2015, appellee McKnight filed an official appeal and complaint with the Commission, challenging appellant's eligibility to sit for the exam as he was not a sergeant for twelve months prior to the exam date.  On May 4, 2015, appellant filed a challenge to the Commission hearing the matter, arguing it did not have jurisdiction to hear the appeal.  On May 8, 2015, the Commission agreed to hear the matter and set a hearing date for May 22, 2015 at 10:30 a.m.

{¶6}   The hearing was held on May 22, 2015, but one hour earlier than scheduled.  Appellant and his attorney were not present.  The Commission voted in favor of appellee McKnight, declaring appellant to have been ineligible to sit for the exam.

{¶7}   On May 27, 2015, appellant filed a request for reconsideration because he and his attorney were not notified of the time change.  The request was granted and a second hearing was held on June 16, 2015.  Again, the Commission voted in favor of appellee McKnight.

{¶8}   On June 18, 2015, appellant filed an appeal with the Court of Common Pleas of Knox County, Ohio.  By judgment entry filed September 9, 2015, the trial court affirmed the Commission's decision.

{¶9}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶10} "THE TRIAL COURT ERRED BY FAILING TO HOLD THAT THE MOUNT VERNON CIVIL SERVICE COMMISSION HAD NO AUTHORITY TO HEAR THE 'APPEAL' FILED BY APPELLEE MCKNIGHT PURSUANT TO O.R.C. 2506.01 AND O.R.C. 2505.07."

II

{¶11} "THE TRIAL COURT ERRED BY UPHOLDING THE DECISION OF THE MOUNT VERNON CIVIL SERVICE COMMISSION BECAUSE THE COMMISSION HAD NO AUTHORITY TO HEAR THE MCKNIGHT APPEAL PURSUANT TO MOUNT VERNON CIVIL SERVICE COMMISSION RULE II.1."

III

{¶12} "THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING AS REQUIRED BY O.R.C. 2506.03(A)(5) AND 2606.02(A)(2)(b) AND (A)(3)."

IV

{¶13} "THE TRIAL COURT ERRED IN ITS APPLICATION OF COMMISSION RULE VII.11 TO THE FACTS BEFORE IT."

I, II

{¶14} Appellant challenges the Commission's jurisdiction to hear appellee McKnight's appeal as the filing was untimely and outside the Commission's authority. We disagree.

TIMELINESS

{¶15} Appellant argues appellee McKnight should have challenged the decision of the Merit Administrator that determined appellant was eligible to sit for the exam.

{¶16} On December 12, 2014, the Merit Administrator issued an opinion explaining that although appellant had been a sergeant for only five months prior to the exam date, he had served as sergeant for fourteen months from November 25, 2012 to January 19, 2014, making appellant eligible to sit for the exam. Thereafter, appellee McKnight filed a grievance pursuant to the collective bargaining agreement between the city of Mount Vernon and the Fraternal Order of Police, challenging appellant's eligibility to sit for the exam. On March 16, 2015, the Mount Vernon Safety Service Director issued a decision denying the grievance because the issue of eligibility was not within the scope of the collective bargaining agreement.

{¶17} The exam was administered on March 23, 2015, and three days later, both appellant and appellee McKnight were notified of their scores. After further assessments, each was notified on April 23, 2015 of their combined scores, placing appellant ahead of appellee McKnight.

{¶18} Appellee McKnight did not challenge the scores. Instead, on April 28, 2015, he filed an appeal and complaint with the Commission, challenging appellant's eligibility to sit for the exam. On June 16, 2015, the Commission agreed with appellee McKnight's position, declaring appellant to have been ineligible to sit for the exam. Based upon this decision, appellant appealed to the Court of Common Pleas. By judgment entry filed September 9, 2015, the trial court affirmed the Commission's decision.

{¶19}  Appellant argues the appealable event to the Court of Common Pleas was the decision of the Merit Administrator prior to the exam date declaring appellant eligible to sit for the exam under R.C.2506.01:

(A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶20} The decision to permit appellant to sit for the exam was made by an employee of the Commission, the Merit Administrator.  The decision was not final, but caused the posting of the list of eligible persons to sit for the exam, which included

appellant.  The mere posting of a list of eligible candidates to sit for the test by the Merit Administrator was also not an affirmative decision on eligibility.

{¶21}  This leads us to the narrow question of whether the act of establishing the April 23, 2015 certified list ranking individuals for possible promotion by score was the appealable event on the issue of eligibility.  The appeal/complaint filed by appellee McKnight squarely questioned appellant's eligibility to sit for the exam given that his promotion to sergeant had occurred only five months prior to the exam instead of the required twelve months.  Appellee McKnight questioned the Merit Administrator's decision to consider appellant's combined service as sergeant, arguing it violated Commission Rule VII #11 which states: "When promotion requires length of service in a lower classification, that length of service shall be measured from the date of promotion to the proposed test date."

{¶22}  We answer the question posed in the affirmative.  R.C. Chapter 124 is the template for the regulations and rights relative to applications, appointments, promotions, and layoffs with the classified service.  R.C. 124.44, which governs promotion of patrol officers, is extremely enlightening as to the questions posed by these assignments:

> If a vacancy occurs in a position above the rank of patrol officer in a police department, and there is no eligible list for such rank, the municipal or civil service township civil service commission shall, within sixty days of that vacancy, hold a competitive promotional examination.  After the examination has been held and an eligible list established, the

commission shall forthwith certify to the appointing officer the name of the person on the list receiving the highest rating. Upon the certification, the appointing officer shall appoint the person so certified within thirty days from the date of the certification. If there is a list, the commission shall, when there is a vacancy, immediately certify the name of the person on the list having the highest rating, and the appointing authority shall appoint that person within thirty days from the date of the certification.

{¶23} The plain language contemplates that the final administrative act prior to a promotion is the certification of a test including the final scores for ranking. Therefore, the final notification of the scores given on April 23, 2015 was an appealable event because it was the precursor to a promotion. We find the appeal/complaint filed by appellee McKnight with the Commission on April 28, 2015 was timely and authorized by law.

SCOPE OF COMMISSION'S REVIEW

{¶24} Appellant argues the determination on eligibility or the acceptance of the certified ranking list was not within the review jurisdiction of the Commission under Commission Rule II #1 which states the Commission has the authority to hear appeals "as provided by law, of employees in the classified Civil Service from final decisions of appointing authority relative to reductions in pay, or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification; the Commission may affirm, disaffirm, or modify the decisions and its decision is final."

{¶25}  It is axiomatic that civil services commissions have jurisdiction to review promotional tests and all the steps leading up to it:

Generally speaking, the Civil Service Commission is the judge of the facts necessary to establish eligibility to take examinations in accordance with its rules, being subject to court review only where its jurisdiction is exceeded or its powers are abused.  It is a fundamental proposition of law that a court will not substitute its own judgment for that of an administrative agency or board unless it is clearly shown that the board was guilty of an abuse of discretion.

*Hauschild v. City of Cleveland,* 105 Ohio App. 444, 451 (8th Dist.1958).

{¶26}  We find the Commission had the power to review an appeal pertaining to eligibility and the test.

{¶27}  Upon review, we conclude appellee McKnight's appeal/complaint was timely and within the scope of the Commission's powers.

{¶28}  Assignments of Error I and II are denied.

III

{¶29}  Appellant claims the trial court erred in failing to hold an evidentiary hearing as the Commission's record failed to include findings of fact and conclusions of law pursuant to R.C. 2506.03(A)(5), and the Commission did not entertain any evidence or testimony.  We disagree.

{¶30}  R.C. 2506.03(A)(5) states the following:

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

{¶31}  Appellant and his attorney were not present at the Commission's May 22, 2015 hearing due to a time change.  Appellee McKnight's attorney had argued there was no need for an evidentiary hearing as the facts were undisputed.  The Commission heard argument and a statement from the Safety Service Director.  The Commission voted and found in favor of appellee McKnight.  On May 27, 2015, appellant filed a request for reconsideration and argued a full evidentiary hearing was necessary.  The Commission granted the request and set another hearing for June 16, 2015.  During this hearing, appellant, via his counsel, suggested a separate "staff attorney or an attorney from outside the agency***hear testimony and***make a report to the Commission containing three things: Findings of fact, conclusions of law and recommendations as to what the agency or in this case the Commission ought to do."  We note such a procedure is not sanctioned or required by the Ohio Revised Code.

{¶32} The Commission record consisted of some 194 documents including letters, meeting minutes, and position statements filed by each party. The Commission rules and regulations, the position of each party, and the Commission's concerns and decision were before the trial court. If the trial court found the record was lacking to make a determination, it could have scheduled a hearing; however, it did not choose to do so. We note appellant did not file an affidavit pursuant to the statute nor did he request an evidentiary hearing, but instead filed a motion to supplement the record with additional exhibits which the trial court granted on September 9, 2015.

{¶33} Upon review, we find the trial court did not err in not holding an evidentiary hearing.

{¶34} Assignment of Error III is denied.

IV

{¶35} Appellant claims the trial court erred in finding the Commission's ruling was not arbitrary, capricious, or against the manifest weight of the evidence. Appellant also claims the trial court and the Commission misapplied Commission Rule VII #11. We disagree.

{¶36} R.C. 2506.04 governs appeals from administrative agencies and states the following:

The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may

affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶37} In *Henley v. Youngstown Board of Zoning Appeals,* 90 Ohio St.3d 142, 147, 2000-Ohio-493, the Supreme Court of Ohio discussed the difference between the standards of review to be applied by the trial court and the court of appeals:

Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.* * *

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is *"more limited* in scope." (Emphasis added.)* * *. "This statute grants a more limited power to the court of appeals to review

the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court."* * *"It is incumbent on the trial court to examine the evidence.  Such is not the charge of the appellate court.* * *The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial.  Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." * * *

{¶38}  In reviewing the trial court's decision, this court must apply the abuse of discretion standard.  *Kisil v. Sandusky,* 12 Ohio St.3d 30 (1984).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶39}  The very limited question posed by this appeal is whether appellant was eligible for promotion given the fact that he served as a sergeant from November 25, 2012 to January 19, 2014, was demoted to corporal from January 19, 2014 to October 31, 2014, and was then promoted to sergeant on October 31, 2014, almost five months prior to the exam date of March 23, 2015.

{¶40}  Given Commission Rule VII #11 cited above, does appellant's service as a sergeant from November 25, 2012 to January 19, 2014 count for his one year of

eligibility?  We find that it does not and concur with the trial court's analysis of the Commission's decision.

{¶41}  As cited above, R.C. 124.44 refers to twelve months of service in the lower rank to be eligible for a promotion.  The statute authorizes that a "municipal civil service commission may require a period of service longer than twelve months for promotion to the rank immediately above the rank of patrol officer."  Commission Rule VII #11 defines the one year eligibility time to be from "date of promotion to the proposed test date."

{¶42}  A strict interpretation of the Commission's rule leads to one conclusion, the year of service must be from promotion to sergeant to date of test and not for some other promotion to demotion and back to promotion as appellant argues.

{¶43}  Appellant cites *Hauschild, supra,* for the proposition that his service from November 25, 2012 to January 19, 2014 counted toward the required twelve month period.[1]  In *Hauschild,* the eligible officers for captain were missing six days of continual service in the lower rank.  The lapse of six days was not the result of any administrative action by the city and was a lapse not caused by any actions of the officers involved.  Neither officer was required to be retested.  Here, appellant was demoted to corporal because of "some questionable conduct."  Appellant was not appointed to sergeant until he once again was tested and was ranked number one.  As a result, he was promoted to sergeant on October 31, 2014.

{¶44}  Upon review, we conclude the trial court did not err in affirming the Commission's decision.

---

[1]We notice *Hauschild* is a per curium opinion that is non-binding on this appellate district.

{¶45}   Assignment of Error IV is denied.

{¶46}   The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

SGF/sg 615