[Cite as *State ex rel. Rimroth v. Harrison*, 2020-Ohio-367.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. MICHAEL A. RIMROTH, | : | APPEAL NO. C-180691 |
| | | TRIAL NO. A-1603565 |
| and | : | |
| | | *O P I N I O N.* |
| MICHAEL A. RIMROTH, | : | |
| Plaintiffs-Relators-Appellants, | : | |
| vs. | : | |
| CITY OF HARRISON, OHIO, | : | |
| WILLIAM NEYER, MAYOR OF THE CITY OF HARRISON, | : | |
| and | : | |
| THE CIVIL SERVICE COMMISSION, CITY OF HARRISON, OHIO, | : | |
| Defendants-Respondents-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 5, 2020

*Lazarus & Lewis, LLC,* and *Gary R. Lewis,* for Plaintiffs-Relators-Appellants*,*

*Ennis Britton Co., L.P.A., Ryan M. LaFlamme,* and *William Deters,* for Defendants-Respondents-Appellees.

**MOCK, Presiding Judge.**

{¶1} Plaintiff-relator-appellant Michael Rimroth claims that the trial court erred when it denied his administrative appeal of the decision of the defendant-respondent-appellee the Civil Service Commission, City of Harrison, Ohio, to promote Cameron Kugler instead of him to the position of fire captain with defendant-respondent-appellee City of Harrison. He also claims that the trial court erred when it denied his petition for a writ of mandamus seeking an order directing the civil service commission to award him the promotion with back pay. While we agree that the trial court erred in ordering the civil service commission to administer a new written examination, we conclude that Rimroth has failed to establish that he is entitled to the position.

**Fire Captain Promotion Examination**
**Results in Litigation**

{¶2} Rimroth was a firefighter employed by the city of Harrison. On April 4, 2015, he took the written promotional examination for the position of fire captain, along with firefighters Dennis Helcher and Cameron Kugler. Kugler received a score of 75, Rimroth received a 74, and Helcher received a 65. A passing score for the examination was 70. As a result, only Kugler and Rimroth were listed as having passed the examination.

{¶3} Helcher complained that he should have been awarded additional points based on his seniority. R.C. 124.45 provides for the award of additional points based on seniority or military service, but the statute precludes awarding the points "unless the applicant achieves at least the minimum passing grade on the examination without counting that extra credit." Nonetheless, Helcher argued that he was entitled to additional credit on his test score because the city had previously awarded the seniority or military credit *before* determining whether an examinee

2

had passed the test. The city law director instructed the civil service commission to adjust Helcher's score, and he received a passing grade as a result.

{¶4} After the adjustments, all three candidates proceeded to the interview portion of the selection process. Of the three candidates, Kugler was eliminated first as a candidate. The mayor then decided to promote Helcher. The chief of the fire department testified that, between the two of them, he would have chosen Rimroth over Helcher—though the mayor had the final say. He also said that, had only Kugler and Rimroth been under consideration, he and the mayor would have taken a closer look at the two candidates. The record does not indicate whether the mayor would have chosen Rimroth if he had to choose between Rimroth and Kugler.

{¶5} A year later, Rimroth complained to the commission that he should have been promoted because the commission should not have used seniority as a factor to determine whether Helcher passed the examination. The commission declined to issue Rimroth a promotion. Rimroth then filed an administrative appeal of that decision with the trial court. He also filed a petition for a writ of mandamus in which he sought an order compelling his promotion with back pay. The magistrate conducted a bench trial and issued an opinion in which he ordered Helcher to be demoted, the promotion list to be vacated, and the city to conduct a new examination. Rimroth objected to the decision of the magistrate. He argued that the proper remedy was to award the position to him since he was the only candidate not eliminated by the mayor who was legally eligible for promotion. The trial court overruled Rimroth's objections and adopted the decision of the magistrate.

### New Examination Not Proper Remedy

{¶6} In his first assignment of error, Rimroth argues that the trial court erred in his administrative appeal by ordering that the promotion list be vacated and

3

a new examination scheduled. For an administrative appeal, the trial court determines whether the administrative decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The court makes factual and legal determinations and can receive new evidence. *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 23, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). This court's authority is limited to reviewing the common pleas court's decision on "questions of law" only and does not encompass the same power to weigh the evidence. *Id.* at ¶ 25, citing *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). The standard of review that we apply in this administrative appeal "is designed to strongly favor affirmance. It permits reversal only when the court of common pleas errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law ." *Id.* at ¶ 30.

{¶7} Rimroth argues that the trial court erred in its application of the law. He claims that the language of the statute does not permit the option to order a new examination to be conducted once a list has been certified. He claims that the mayor's decision to reject Kugler's candidacy should stand and that this court should use the old eligibility list—which included only Rimroth and Kugler—to determine that he is the only eligible candidate remaining.

{¶8} The city argues that the trial court had the authority to order a new examination because, in employment disputes specifically, the court may use equitable remedies to make the injured party whole. *Collini v. Cincinnati*, 87 Ohio App.3d 553, 557, 622 N.E.2d 724 (1st Dist.1993). The trial court could order a new examination because a portion of the scoring process was faulty and, as a result, the

4

entire testing procedure was invalid. The city further notes that the record shows that the mayor and chief would have considered the decision differently if only Kugler and Rimroth were on the list. Since the mayor has the final, discretionary say on the matter, there is no way to prove that Rimroth is entitled to promotion as a matter of law. The equitable result, therefore, is to begin the process anew.

{¶9} In this case, both sides agree that it was inappropriate for the commission to include the service credit before determining if the candidates received a passing score. We agree with this consensus. The issue that remains is determining if the trial court's remedy was proper and, if not, what remedy lies for the violation of the statute.

{¶10} The problem with city's argument regarding equitable remedies, as cited in *Collini*, is that this is not an equity case. *Collini* involved "declaratory judgment actions [which] are sui generis, i.e., they are neither strictly legal nor strictly equitable in nature." *Collini*, 87 Ohio App.3d at 556, 622 N.E.2d 724. This case is an appeal of a decision from an administrative agency, which is a legal issue.

{¶11} The foundation of the city's argument is a holding from the Ohio Supreme Court that set forth, "if one part of such an examination is unlawful then the whole examination must fail, and it is not possible to consider merely the written portion thereof and decide from that who is entitled to the promotion for which the examination was given." *State ex rel. Hipp v. N. Canton*, 75 Ohio St.3d 221, 224, 661 N.E.2d 1090 (1996), quoting *State ex rel. Ethell v. Hendricks*, 165 Ohio St. 217, 132 N.E.2d 362 (1956). But *Hipp* was decided on issues related to how the examination was constructed, not on how the subsequent scores were treated. In *Hipp*, candidates were given an examination which included both a written and oral component when the statute allows only for a written examination. Both portions were combined to determine the final score on the examination. An examinee

contesting the results of the examination argued that the court should just order his promotion because he had received the highest score on the written portion of the examination. So when the *Hipp* court determined that "if one part of such an examination is unlawful then the whole examination must fail," it was referring to the written potion of a multi-part examination. *Hipp* is not instructive on the issue of remedies for statutory violations that do not involve the construction of the examination itself.

{¶12} As a general rule, if the examination is faulty, a court can order a new examination. *See State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 476 N.E.2d 1019 (1985). In *Hanley*, a candidate for police chief sought to unseat the current police chief who had been promoted after receiving the highest score on the examination. In that case, the examination that the complainant and chief had taken was identical to a previous examination from three years earlier that the chief had also taken. While the complainant sought an order appointing him chief, the court found that a new examination was the proper remedy. "Ironically, because the entire 1983 promotional examination for chief of police is void, appellant can no more claim a valid title to that office than can Workman." *Id.* at 7.

{¶13} There are two problems with applying *Hanley* to this case. First, the complainant in *Hanley* had sought mandamus relief in which he actually asked that a new examination be ordered. While Rimroth did seek mandamus relief below, he only sought to be appointed to the position of captain with pay. He did not request a new examination.

{¶14} Additionally, neither party has attacked the validity of the examination itself. On this point, the older *Hendricks*, 165 Ohio St. 217, 135 N.E.2d 362, provides some insight. In that case, an officer filed a quo warranto action to remove the sitting police chief because the examination from which he had been

6

promoted was an improper mix of written and oral questioning, as in *Hipp*. The court began by concluding there could not be an oral portion of an examination, as the statue required the examination to be in writing. It then had to determine if the oral portion was part of the "examination" or if it was more like a post-examination interview, and whether the court could just consider the "legal" portion while excising the inappropriate portion. The court said,

> As there are many varying methods of setting up examinations and weighting the questions asked, the examination in question must be viewed from the standpoint of the civil service commission which gave it, and it is apparent that it was considered as a single examination having multiple parts, written, oral and predetermined credit for seniority.

*Hendricks* at 223.

{¶15} The distinction between this case and *Hendricks* is significant. In *Hendricks*, it was a portion of the examination itself that was determined to be improper, and thus the examination had to be readministered. The court concluded that "the certification of respondent was unlawful, since it was based upon the result of a promotional examination which was not authorized by law." *Id.* In this case, on the other hand, the promotional examination was given as one discrete part of the promotional process, and the credit was awarded after the examination was completed. There is nothing in this record to demonstrate that the examination itself was unlawful. Therefore, the record does not support the remedy awarded by the trial court.

{¶16} Having determined that the order to conduct a new examination is not justified by this record, we are left to determine the appropriate remedy. A case from the Third Appellate District is instructive on this point. *See Davis v. Mun. Civ.*

*Serv. Comm. for City of Marion*, 3d Dist. Marion No. 9-78-5, 1979 WL 207993 (Jan. 12, 1979).   In that case, seniority credit *was* to be considered as part of the examination score, but the civil service commission had failed to give credit to candidates who had not first received a passing score on the written examination. The court concluded: "the civil service commission was without authority to fix entitlement to credit for seniority on the condition that a grade of 70% be obtained on the written test, and that appellant was entitled to have seniority credits applied to obtain his total grade attainable."   The court went on to describe how this case was different from *Hendricks*:

> We then arrive at the position on the record in the proceedings now before us where we have a test not improperly administered * * *, but rather a properly administered test which was improperly graded with no subsequent tests nor subsequent rights of any parties attaching by virtue of certification or appointment.
>
> * * *
>
> [W]e conclude that the test was salvageable merely by properly crediting the seniority credits to the test grades which results in appellant receiving the highest grade and being entitled to certification for appointment.

*Id.* at *3.   The court remanded the case "to the Civil Service Commission of the City of Marion with instructions to add to appellant's score on the written test to the credit for seniority to which appellant is entitled and to certify appellant to the appointing authority as the individual standing highest on the eligible list for the position of Chief of the Marion Fire Department."   *Id.* at *4.

{¶17}   While the facts in this case are the exact opposite of those in *Davis*, we find the remedy fashioned by the court in *Davis* to be appropriate.  As in *Davis*,

8

we have an examination that was properly administered, but the award of extra credit for seniority and other factors was improperly applied. As in *Davis*, the grades are salvageable merely by properly crediting the seniority credits. The proper remedy, therefore, is to remand the cause to the civil service commission for the appropriate award of credit to only those individuals who had received a passing score on the written examination: Kugler and Rimroth. Once those scores are calculated, the commission should forward the resulting list for further consideration.

{¶18} For the reasons set forth above, we sustain Rimroth's first assignment of error in part and overrule it in part.

### Mandamus Not Appropriate

{¶19} In his second assignment of error, Rimroth claims that the trial court erred when it failed to award him the promotion and back pay as prayed for in his petition for a writ of mandamus. Because he was not entitled to a writ of mandamus, we disagree.

{¶20} Mandamus is an appropriate remedy in a wrongful-denial-of-promotion case. *Hipp*, 75 Ohio St.3d at 222, 661 N.E.2d 1090. In order to be entitled to a writ of mandamus regarding his claim for appointment and back pay, Rimroth had to establish a clear legal right to promotion to captain and back pay, a clear legal duty on the part of the city to provide the foregoing, and that he had no plain and adequate remedy in the ordinary course of law. *See id.*, citing *State ex rel. Lightfield v. Indian Hill*, 69 Ohio St.3d 441, 442, 633 N.E.2d 524 (1994).

{¶21} In this case, Rimroth argues that he is entitled to relief because Kugler had been eliminated from consideration early in the process when the chief and mayor were considering the three candidates. And, of the two remaining, he was the only viable candidate. But the record indicates that the considerations would

have been different if the only two candidates under consideration were Kugler and Rimroth. The police chief testified that, in such a case, they would have taken a closer look at each candidate and that he could not say what the mayor would have done. In the end, the decision is left to the discretion of the mayor.

{¶22} The Ohio Supreme Court addressed the same issue in *Hipp*. In that case, the city was permitted to promote one of three top candidates to the position of fire captain. The court reasoned that a writ could not issue because "the most that Hipp could establish was a right to have been considered for appointment rather than a right to appointment." *Hipp* at 226.

{¶23} At most, Rimroth has established that he has the right to be considered for appointment rather than the right to appointment. He has, therefore, failed to establish a clear legal right to promotion with back pay and that the city had a clear legal duty to provide the promotion and back pay. We overrule Rimroth's second assignment of error.

**Conclusion**

{¶24} For the reasons set forth above, we reverse that portion of the trial court's judgment in which it vacated the promotion list and ordered the city to conduct a new examination. We remand this cause to the Civil Service Commission, City of Harrison, Ohio, with instructions to apply seniority and other applicable credit only to those examinees who received a passing score on the written examination: Rimroth and Kugler. Those candidates should then proceed through the remainder of the selection process. The decision of the trial court is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

