[Cite as *State ex rel. Neal v. Cincinnati*, 2021-Ohio-1276.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. JEFFREY NEAL, | : | APPEAL NO. C-200202 TRIAL NO. A-1606260 |
| | : | |
| Relator-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, OHIO, | | |
| | : | |
| Respondent-Appellant. | | |
| | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 14, 2021

*Lazarus & Lewis, LLC*, *Gary R. Lewis*, for Relator-Appellee,

*Andrew W. Garth,* Interim Cincinnati City Solicitor, and *William C. Hicks*, Senior Assistant Solicitor, for Respondent-Appellant.

**BERGERON, Presiding Judge.**

{¶1} Relator-appellee Jeffrey Neal, a Cincinnati firefighter, applied for a promotion to captain, but claims that he lost out on that promotion because his exam was interrupted by buzzing cellphones and distracted examiners. The results tallied him as 42nd out of 54 applicants, with only the top 25 qualifying for promotion. In the aftermath of the allegedly tainted test, Lieutenant Neal filed for a writ of mandamus, challenging his exam results and seeking the promotion notwithstanding his score. The trial court agreed, ordering the city to promote Lt. Neal to captain with back pay, along with attorneys' fees. However, we find that Lt. Neal did not demonstrate any clear legal right—or duty—to be promoted to captain on the record before us, thus precluding the extraordinary remedy of mandamus. We therefore reverse the trial court's judgment.

I.

{¶2} Lt. Neal joined the Cincinnati Fire Department in 1998, earning a promotion to lieutenant in 2010. In 2015, the department began accepting internal applications for fire captain and, pursuant to R.C. 124.45, the city administered promotional exams as part of that process. Lt. Neal applied for the advancement and participated in the promotional exam, which consisted of five sections. The first two sections presented objective, multiple choice questions; whereas the remaining three were subjective, involving tactical, interview, and written components. Lt. Neal's rankings for the first four sections varied between 39 and 43, and he ranked 14 in the fifth section—yielding a final rank of 42 out of 54 candidates. The city of Cincinnati (respondent here) ultimately promoted the 25 highest scoring candidates, passing over Lt. Neal.

2

{¶3} Lt. Neal disputed his exam results, specifically challenging the administration of the tactical and interview portions. These portions of the exam involved, among other things, Lt. Neal orally responding to questions posed by assessors. He alleged that the interruptions began during the tactical portion, after an assessor's phone went off. Because the phone was located across the room in a backpack, the assessor waltzed over to the backpack, rummaging around before locating the phone to silence it. Incredibly, the assessor allegedly spent considerable time reading texts from the phone before wandering back to the table. And once there, the phone repeatedly vibrated, prompting the distracted assessor to engage with the phone and respond to messages, while presumably ignoring Lt. Neal. All of this occurred during an exam where phones were not permitted (for obvious reasons, as this episode illustrates).

{¶4} These distractions allegedly spilled over to the interview portion as well. At one point, an assessor was responding to a text message during the entirety of Lt. Neal's answer to a question. To make matters worse, another assessor allegedly dozed off for some period of time. In sum, Lt. Neal concludes that these repeated distractions placed him at a considerable disadvantage for the tactical and interview portions of the exam because, so far as he is aware and the record discloses, other applicants did not encounter similar distractions. As a result, he challenges the legitimacy of the testing process.

{¶5} Lt. Neal complained to the Civil Service Commission and requested that the commission remedy the situation by promoting him to fire captain. But after looking into the matter, the commission denied his request. Lt. Neal then brought this mandamus action against the city, seeking an order requiring the

promotion. After a two-day bench trial, the court agreed with Lt. Neal and ordered the city to promote him to captain, along with back pay and attorneys' fees. The city now appeals, bringing three assignments of error.

II.

{¶6} In its first assignment of error, the city insists that a writ of mandamus was inappropriate because Lt. Neal could not establish a clear legal right and duty to be promoted to captain. We agree.

{¶7} To obtain a writ of mandamus, Lieutenant Neal "had to establish a clear legal right to promotion * * * , a clear legal duty on the part of [the city] to provide the foregoing, and that he had no plain and adequate remedy in the ordinary course of law." *See State ex rel. Hipp v. N. Canton*, 75 Ohio St.3d 221, 222, 661 N.E.2d 1090 (1996); *see also State ex rel. Lanter v. Cincinnati*, 2020-Ohio-4973, 160 N.E.3d 796, ¶ 18 (1st Dist.). But a writ of mandamus should not be issued lightly. Mandamus is an "extraordinary remedy," *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18, that a court should issue "with great caution and discretion." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977). And "[t]he relator must prove entitlement to the writ by clear and convincing evidence." *Manley* at ¶ 18.

{¶8} Because the city challenges the legal basis supporting this writ of mandamus—whether there was a clear legal right and duty—we review that question de novo. *See State ex rel. Kilgore v. Cincinnati*, 1st Dist. Hamilton No. C-110007, 2012-Ohio-4406, ¶ 11 ("An appellate court reviews a trial court's grant of mandamus de novo when the underlying, stipulated record presents only questions of law."); *Cincinnati Entertainment Assoc., Ltd. v. Hamilton Cty. Bd. of Commrs.*, 141 Ohio

App.3d 803, 810, 753 N.E.2d 884 (1st Dist.2001) ("We will review a trial court's grant of mandamus de novo when the underlying, stipulated record presents a question of law. Otherwise, a trial court could make a blatant error of law, and the party prejudiced would have no relief from this court."). In other words, we take Lt. Neal's assertions that he suffered from inappropriate distractions as a given on the record at hand, and then evaluate whether such facts can warrant mandamus relief.

{¶9} Conspicuously absent in this case is the source of any legal right or duty. As Lt. Neal frames it, he deserved "a competitive examination that was administered competently, properly, fairly and in accordance with Ohio law." But he points to no statute or ordinance providing a right or duty for this promotion. And as we have recently explained, "[f]or mandamus to lie, the duty 'must be specific, definite, clear and unequivocal.' " *State ex rel. Lanter*, 1st Dist. Nos. C-190708 and C-190720, 2020-Ohio-4973, 160 N.E.3d 796, at ¶ 20, quoting *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205, 614 N.E.2d 827 (4th Dist.1992). In *Lanter*, this court found certain language in a city ordinance "too vague to create a clear legal duty," *id.*, but at least the applicant there pointed to a city ordinance. By contrast, Lt. Neal identifies no ordinance or other authority as the source of any legal right or duty. We cannot excuse the lack of a clear duty, or else we dangerously expand the mandamus power.

{¶10} To be sure, R.C. 124.45 provides that firefighter positions "shall be filled by competitive promotional examinations." But Lt. Neal does not even cite that provision in his brief, presumably because, at best, that statute might support a right to obtain a new exam if an applicant established a fundamentally flawed testing process. *See State ex rel. Rimroth v. City of Harrison*, 1st Dist. Hamilton No.

5

C-180691, 2020-Ohio-367, ¶ 12 ("As a general rule, if the examination is faulty, a court can order a new examination."), citing *State ex rel. Hanley v. Roberts*, 17 Ohio St.3d 1, 476 N.E.2d 1019 (1985). But therein lies the problem: Lt. Neal did not request a new exam. Nor is that the relief the trial court granted. Instead, Lt. Neal requested—and the trial court ordered—that he be promoted to captain. R.C. 124.45 thus fails to support the relief ordered by the trial court, which explains Lt. Neal's avoidance of that provision.

{¶11} It also is worth pausing for a moment to further illustrate the disconnect between a flawed testing environment and awarding Lt. Neal the promotion. Given Lt. Neal's scores during the untainted portions of the test, they suggest that he would not have qualified for promotion even under an ideal testing environment. Regardless, we simply don't know how Lt. Neal would have fared, forcing us to speculate. In fact, his expert acknowledged that "it is impossible" to determine how Lt. Neal would have done "had the examination been conducted appropriately." His lawyer, in his brief to this court, echoes the point, emphasizing that "it was impossible to grade" Lt. Neal's test and that "it [was] impossible to determine how he would have scored." If, indeed, it was "impossible" to divine any of this, then the trial court should never have engaged in speculation and simply promoted Lt. Neal. *See State ex rel. Metz v. GTC, Inc.*, 142 Ohio St.3d 359, 2015-Ohio-1348, 30 N.E.3d 941, ¶ 19 ("[T]he appellate court's speculation that there was a possible conflict within [the] report that could be construed to bar sedentary employment does not meet the requisite legal basis for mandamus relief.").

{¶12} Nevertheless, Lt. Neal cites *State ex rel. Hipp*, 75 Ohio St.3d 221, 661 N.E.2d 1090, to argue that "mandamus is an appropriate remedy in wrongful denial-

of-promotion cases." That much is true. *Id.* at 222 ("Mandamus is an appropriate remedy in wrongful-denial-of-promotion cases."). But *Hipp* also underscores the fatal flaw in Lt. Neal's argument because it recognized that a flawed exam does not entitle the candidate to a promotion. The relator in *Hipp*, a police officer, took a two-part promotional exam containing a written portion and an oral portion. *Id.* at 221. Although the officer scored first on the written portion, he was passed over for promotion because he placed fourth on the oral portion. *Id.* The officer then sued in mandamus, seeking the promotion, and attacking the propriety of the oral portion of the exam because R.C. 124.44 requires written officer promotional exams. *Id.* at 222. But even assuming the invalidity of the oral portion, the court squarely rejected the notion that the officer could parlay the invalid exam into a legal right for promotion. *Id.* at 223 ("[A]ssuming the invalidity of the oral component of that examination, [the officer] would still not be entitled to appointment and back pay."). The officer's clear legal right—and the corresponding duty—extended only to the exam. *Id.* at 224. As a result, "the most that [the officer] could establish was a right to have been considered for appointment rather than a right to appointment." *Id.* at 226. *See State ex rel. Rimroth*, 1st Dist. Hamilton No. C-180691, 2020-Ohio-367, at ¶ 23 (holding that a firefighter could not establish, on account of an error in the exam process, a clear legal right (or duty) to promotion with back pay). Applying *Hipp* to this case, even "assuming the invalidity of [Lt. Neal's promotional exam], he would still not be entitled to appointment and back pay." *See Hipp* at 223.

{¶13} None of this, of course, is to belittle what Lt. Neal experienced during his testing experience. We can appreciate how frustrating it must have been to encounter distracted, bored, or sleeping evaluators. But mandamus is an

7

extraordinary, and narrow, remedy, and it does not exist to rectify every frustration and slight that a civil service employee experiences. In the absence of any clear legal right and duty to be promoted to fire captain, we must sustain the city's first assignment of error.

III.

{¶14} In its second and third assignments of error, the city argues that the trial court erred by awarding back pay and attorneys' fees. Because we conclude that Lt. Neal had no legal right to be promoted in the first place, it necessarily follows that he lacks any entitlement to back pay or attorneys' fees. We accordingly sustain the city's second and third assignments of error.

\*     \*     \*

{¶15} In light of the foregoing analysis, we sustain the city's three assignments of error and reverse the judgment of the trial court, and we remand for entry of judgment in the city's favor.

Judgment reversed and cause remanded.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion