[Cite as *State ex rel. Rimroth v. Harrison*, 2022-Ohio-110.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. MICHAEL A. RIMROTH, | : | APPEAL NO. C-210236<br>TRIAL NO. A-1603565 |
| and | : | |
| MICHAEL A. RIMROTH, | : | *O P I N I O N.* |
| Plaintiffs-Relators-Appellants, | : | |
| vs. | : | |
| CITY OF HARRISON, OHIO, | : | |
| WILLIAM NEYER, MAYOR OF THE CITY OF HARRISON, | : | |
| and | : | |
| THE CIVIL SERVICE COMMISSION, CITY OF HARRISON, OHIO, | : | |
| Defendants-Respondents-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 19, 2022

*Lazarus & Lewis, L.L.C.,* and *Gary R. Lewis*, for Plaintiffs-Relators-Appellants,

*Ennis Britton Co., L.P.A., Ryan M. LaFlamme* and *William M. Deters II*, for Defendants-Respondents-Appellees.

**CROUSE, Judge.**

{¶1}    Plaintiff-relator-appellant Michael Rimroth has appealed from the trial court's judgment dismissing his case as moot. He argues the trial court: (1) erred by dismissing the case sua sponte, (2) violated his procedural-due-process rights by dismissing the case without prior notice or an opportunity to be heard and defend against the dismissal, and (3) erred in dismissing the case in the absence of any motion to dismiss or other dispositive motion. For the reasons discussed below, we overrule all three assignments of error and affirm the trial court's judgment.

## *Background*

{¶2}    In April 2015, the Harrison Civil Service Commission conducted a promotional exam for the position of captain in the Harrison Fire Department. The commission promoted Dennis Helcher to the position. Rimroth filed an appeal with the commission, arguing that he should have been promoted. The commission denied the appeal. Rimroth filed an administrative appeal and a petition for a writ of mandamus in the Hamilton County Court of Common Pleas. After trial, the magistrate vacated the promotion of Helcher and ordered the commission to readminister the exam. Rimroth objected to the magistrate's decision, arguing the proper remedy was to promote him without readministering the exam. The trial court overruled the objections. Rimroth appealed to this court.

{¶3}    In February 2020, this court reversed the trial court's decision in part and remanded the cause. We agreed with Rimroth that because Helcher failed to receive a passing score on the test, he was not entitled to proceed any further in the promotion process. *State ex rel. Rimroth v. City of Harrison*, 1st Dist. Hamilton No.

C-180691, 2020-Ohio-367, ¶ 9 ("*Rimroth I*"). However, we disagreed with Rimroth's argument that he was the only candidate entitled to promotion. *Id.* at ¶ 19. "At most, Rimroth has established that he has the right to be considered for appointment rather than the right to appointment." *Id.* at ¶ 23. We held:

> For the reasons set forth above, we reverse that portion of the trial court's judgment in which it vacated the promotion list and ordered the city to conduct a new examination. We remand this cause to the Civil Service Commission, City of Harrison, Ohio, with instructions to apply seniority and other applicable credit only to those examinees who received a passing score on the written examination: Rimroth and Kugler. Those candidates should then proceed through the remainder of the selection process. The decision of the trial court is affirmed in all other respects.

*Id.* at ¶ 24.

{¶4} Upon remand, the commission completed the selection process, considering only Rimroth and Kugler. On September 23, 2020, Rimroth filed motions for a temporary restraining order and a preliminary injunction. He argued that Kugler's promotional eligibility had expired with the expiration of the 2015 promotional eligibility list. The trial court denied the motions. The mayor decided to promote Kugler. Rimroth did not file an administrative appeal of the mayor's decision.

{¶5} On November 17, 2020, the trial court held a status conference at which the city informed the court that the promotion process had been completed as directed by this court, and Kugler was selected for promotion. Rimroth argued Kugler had failed to preserve his promotional eligibility and informed the court that

he would file a motion for summary judgment on the matter. On December 2, 2020, the city filed a motion to vacate the briefing and hearing schedule because it claimed there was no pending dispute for which a summary-judgment motion would be applicable. Rimroth filed a memorandum in opposition on December 16, 2020.

{¶6}    On March 4, 2021, the trial court held a hearing on the city's motion. In a March 10, 2021 judgment entry, the court dismissed the case as moot and held:

> After the First District's February 5, 2020 opinion, there was nothing for this Court to adjudicate; the case was expressly remanded to the Civil Service Commission "with instructions to apply seniority and other applicable credit only to those examinees who received a passing score on the examination: Rimroth and Kugler." It was further ordered those candidates should then proceed through the remainder of the selection process. At that point, there was nothing else for the courts [sic] to decide. Consequently, this case must be dismissed, and the fact that this Court considered a post appeal motion does not change that result.

### First Assignment of Error

{¶7}    In his first assignment of error, Rimroth argues the trial court erred by sua sponte dismissing the case. He contends the city did not seek dismissal, and a court may dismiss a complaint on its own authority only in certain circumstances that are not present here.

{¶8}    Mootness is a matter of subject-matter jurisdiction, and a court cannot maintain jurisdiction over a moot controversy. *McQueen v. Dohoney*, 1st Dist. Hamilton No. C-130196, 2013-Ohio-2424, ¶ 13; *Paige v. Ohio High School Athletic Assn.*, 2013-Ohio-4713, 999 N.E.2d 1211, ¶ 7 (1st Dist.). A court may dismiss a moot

cause sua sponte. *See WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners, LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 42 (1st Dist.) ("It is beyond question that a court has inherent authority—even responsibility—to raise subject-matter jurisdiction sua sponte."); *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602, 63 N.E.3d 752, ¶ 14 (10th Dist.) ("When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy.").

{¶9} "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Paige* at ¶ 8. "[I]n all actions, there must be an 'actual controversy between parties legitimately affected by specific facts,' such that the court can 'render a judgment which can be carried into effect.' " *McQueen* at ¶ 13.

{¶10} "[A] reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case. An inferior court has 'no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' " *City of Cincinnati v. City of Harrison*, 2017-Ohio-7580, 97 N.E.3d 743, ¶ 8 (1st Dist.), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus.

{¶11} In *Rimroth I*, this court remanded the cause with specific instructions to the civil service commission. Rimroth does not argue those instructions were not followed, and he did not administratively appeal the mayor's decision, after remand, to promote Kugler. This case became moot once the civil service commission complied with this court's previous mandate and the selection process was completed.

{¶12} Rimroth argues this court did not resolve all of the issues he raised on appeal when we issued our decision in *Rimroth I*. However, he has not identified

which issues were left outstanding, and he did not seek reconsideration of or appeal that decision.

{¶13} The trial court did not err in dismissing the case. The first assignment of error is overruled.

### *Second Assignment of Error*

{¶14} In his second assignment of error, Rimroth argues the trial court violated his right to procedural due process by dismissing the case without giving him notice or an opportunity to be heard.

{¶15} The city's motion to vacate the briefing and hearing schedule did not request dismissal of the case, but it did argue there was no longer a justiciable controversy, which served as the basis for the trial court's dismissal. The city argued, "There is no pending dispute between the parties for this court to render judgment, as it has been resolved by the Court of Appeals." Rimroth filed a memorandum in opposition. The trial court's March 10, 2021 order states that a hearing was held on the city's motion on March 4, 2021, during which counsel for both sides presented their arguments to the court.

{¶16} We do not have before us a transcript of the hearing. On the docket statement filed with this court, Rimroth indicated that there would be no transcripts filed with the appeal. Without a transcript of the hearing, we presume regularity in the proceedings. *See State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.,* 127 Ohio St.3d 202, 2010-Ohio-5073, 937 N.E.2d 1274, ¶ 14 ("When an appeal is filed in this court without a transcript, we generally presume the regularity of that proceeding and affirm."). Thus, not only can we presume that Rimroth was given an

opportunity to respond to the city's arguments, but the trial court's order says as much.

{¶17} Furthermore, as discussed above, a court may sua sponte dismiss a case where it lacks subject-matter jurisdiction. The second assignment of error is overruled.

### Third Assignment of Error

{¶18} In his third assignment of error, Rimroth contends the trial court "erred in dismissing [his] complaint without a trial and in the absence of any motion to dismiss or other dispositive motion." Rimroth argues he is entitled to a writ of mandamus providing for back pay and prejudgment interest. However, this argument is a repeat of an argument rejected by this court in *Rimroth I*. *Rimroth I*, 1st Dist. Hamilton No. C-180691, 2020-Ohio-367, at ¶ 19. Therefore, consideration of the issue is bared by res judicata. *See City of Cincinnati v. Bench Billboard Co.*, 1st Dist. Hamilton Nos. C-170668 and C-170690, 2019-Ohio-362, ¶ 11 (holding that res judicata barred the appellant from relitigating issues decided in a prior appeal in the same case). The third assignment of error is overruled.

### Conclusion

{¶19} All three assignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.